### THE PEOPLE v. XAVIER BRINGARD.

*Embezzlement not limited to the specific moneys received.*

It is embezzlement for a township treasurer to misappropriate his trust funds to his private purposes and fraudulently refuse to account for them, whatever form the funds may have taken.

A general allegation of embezzlement is sufficient under Comp. L., § 7811.

A plea of not guilty was properly entered without respondent's consent where, on his arraignment, he moved to quash the information, and on denial of the motion made no attempt to demur or enter a special plea in bar. Comp. L., § 7907.

Exceptions before judgment from Wayne. Submitted June 5. Decided June 11.

EMBEZZLEMENT. Respondent was found guilty.

Attorney General *Otto Kirchner* for the People.

*Hawley & Firnane* for respondent. Where a receiver of money belonging to another is absolutely liable for the amount of it, and has the right to mingle it with his own, he cannot be guilty of embezzlement, *Com. v. Stearns*, 2 Met., 343; *Com. v. Libbey*, 11 Met., 64; where a township treasurer is prosecuted for embezzlement, the prosecution should show that the legal demands on him are not paid, or if they are, that they did not exhaust the funds in his hands, *Thomas v. Dunaway*,

30 Ill., 373; an information charging embezzlement of a balance is fatally defective, *People v. McAllister*, 19 Mich., 215; 2 Bish., Cr. L., § 358; 2 Bish. Cr. Pr., § 314.

CAMPBELL, C. J.   Respondent was convicted of embezzlement of the funds in his hands as treasurer of the township of Grosse Pointe.   His last term of office began in the spring of 1876.   There was evidence tending to show that he was removed from office in February, 1877, but the finding of the jury did not go upon this theory and he was convicted of having received a large sum of money officially, and having refused to pay it over as required by law, and with having appropriated it to his own use.

There was full evidence of the receipt of the money, and of his having failed to appear and account with the township board before the annual meeting, as required by § 715 of the Compiled Laws, and he paid over no moneys to his successor.

Several points are presented by the record, which will be referred to as raised.

Objection is made that a plea of not guilty was put in without respondent's consent.   The statute authorizes this where he does not plead on arraignment (Comp. L., § 7907).   Here he moved to quash, and after that motion was denied, the plea was entered.   No attempt was made to put in a demurrer or special plea in bar, and we think there can be no occasion for a second arraignment, which seems to have been what respondent insisted on.   Having been once arraigned and informed concerning the charge against him he could have had no necessity for any further ceremony of that sort.

It is also objected that the information is defective in not containing specific allegations of the sums embezzled.   But the statute (Comp. L., § 7811) expressly authorizes a general allegation without specifying particulars, and allows evidence thereunder of any embezzlement within six months of the day stated in the information.   This objection therefore, is groundless.

It is also objected that the court erred in authorizing the jury to find embezzlement from the receipt of moneys without keeping any account of such receipts and expenditures, and a refusal to account with the township board, and the non-payment of moneys to his successor. It seems to us that in the absence of any attempt to explain or excuse such conduct the instruction was correct.

The main question presented is whether a township treasurer can be guilty of embezzlement at all.

We think there is no doubt that section 309 and section 7580 of the Compiled Laws hold such officers responsible for embezzling public moneys or property in their charge. The only question is whether the respondent did embezzle public moneys or property.

It is claimed the moneys in his charge were private and not public funds, and that he is only civilly responsible to account for funds in his control as a public debtor, and the case of *Perley v. The County of Muskegon*, 32 Mich., 132, is relied on to support this theory. In that case it was held that the county treasurer who receives public money does not hold the specific bills or other parcels of money which he receives, as a bailee, but that he is answerable for the amount as a personal obligation. And it is claimed embezzlement can only be charged where the specific moneys converted belong to the public treasury.

We do not see the force of this suggestion. A fund is a distinct thing however frequently the coins or bills which may be received on its account are changed in identity. If a trustee receives a payment of $1000 on trust account, certainly the trust is not confined to that identical money. It attends its proceeds in whatever way they can be traced. It would be simply impossible to trace or identify the specific moneys which come into the hands of a public officer, who alone has the means of knowing what particular payments he receives and what he does with them. If a person receives a ‘particular amount belonging to a trust fund, and uses it for

his own purposes without repaying or accounting for it, no one has any difficulty in seeing that he has converted the money improperly, although every specific coin or bill may have been substituted for some other means which he has exchanged and abstracted. Some of the difficulties of confining charges of embezzlement to specific moneys were referred to in the case of *People v. McKinney*, 10 Mich., 54. We have no hesitation in holding that whenever any township treasurer misappropriates his trust funds to his private purposes, and fraudulently refuses to account for them, he comes as plainly within the law as if he made a similar misuse of specific coins or bills which he had no right to exchange for their equivalents. Of course there may be losses and failures to pay or even to account, where the failure is due to misfortune or other cause not criminal. But where the design is criminal, the misuse of a fund belonging to the public, though changing its form constantly, is just as clearly an embezzlement of the property of the public as if any specific chattel had been so misapplied.

As there is no error in the record, it must be certified to the court below that judgment should be rendered on the verdict.

The other Justices concurred.