TOWNSHIP OF MONROE v. WALTER L. WHIPPLE, TOWNSHIP TREASURER.

*Trover by township against its treasurer.*

1. The relation between a township and its treasurer is that of creditor and debtor; but if the treasurer converts the township moneys to his own use, as he is supposed to do if he does not pay them out on proper demand, or surrender them at the end of his term of office, the township may sue him in trover.

2. A township treasurer's refusal to pay over the public money in his hands upon proper demand at the expiration of his term of office, is a conversion with an element of criminality.

Error to Newaygo. (Fuller, J.) April 14.—April 29.

TROVER. Plaintiff brings error. Reversed.

*A. G. Day* for appellant. A contract or bond between parties does not preclude suit for a tort connected with the matters between them: *In Re Mowry* 12 Wis. 52; *Cotton v. Sharpstein* 14 Wis. 226; *Scheunert v. Kaehler* 23 Wis. 527; *Suydam v. Smith* 7 Hill 182; *McDuffie v. Beddoe* 7 Hill 578; Addison on Torts § 27; *Smith v. Frost* 70 N. Y. 65; *Donohue v. Henry* 4 E. D. Smith 162; *Reeside v. Reeside* 49 Penn. St. 322; a municipality has a general ownership in its public moneys: *Cairns v. O'Bleness* 40 Wis. 469; *Montville v. Haughton* 7 Conn. 543; and the general owner may sue in trover for a conversion, and a judgment obtained by the general owner is a bar to an action by the special owner: *Smith v. James* 7 Cow. 328.

*George Luton* for appellee.

Cooley, C. J. The plaintiff in this suit claims of the defendant township moneys which he received as its treasurer, and has refused to pay over on demand at the expiration of his term of office. The declaration is in trover; and when the case was called for trial, the defendant objected that no recovery could be had in trover; and the circuit court so held, and gave judgment for defendant. This ruling presents the only question for decision.

It is insisted on the part of defendant that the relation between the defendant and the township for which he was treasurer was that of debtor and creditor merely; and that a creditor, on the basis of the mere indebtedness, is not entitled to proceed in tort for the collection of the demand. There is no question but the relation is such as is supposed. This, however, does not fully determine the question; for there are many cases in which a creditor may sue in tort if, in addition to the indebtedness, an element of wrong appears in the case to warrant it.

In this case, if the facts are as claimed by the plaintiff, there is not only a wrong in the defendant failing to pay over the moneys on demand, but it is a criminal wrong. Moreover, the wrong consists in a conversion by the defendant of the moneys which he fails to pay over; so that the facts essential to a recovery in trover are supposed to appear

in the case with an additional element of criminal intent. *People v. McKinney* 10 Mich. 54 ; *People v. Bringard* 39 Mich. 24.   The officer is supposed to have the money belonging to the township at all times in his hands ready to be paid out or paid over as required by law, and any amount which he refuses to pay over on proper demand he is supposed then and there to convert to his own use.   This is the theory of the relation which public treasurers hold to their principals in this State ; not for the purposes of criminal law alone, but for all purposes.

The court was therefore in error in its ruling, and there must be a new trial. ·

The other Justices concurred.