[No. 3981.]

## DAVID J. BRADY *v.* THE STATE.

1. FORMER JEOPARDY—DISCHARGE OF JURY.—It is only when the discretion conferred upon the trial court to "discharge the jury when they had been kept together such a length of time as to render it altogether improbable they could agree," has been abused to the prejudice of the accused, that this court will interfere. See the opinion for circumstances under which it is *held* that the trial court, upon a former trial of the case. did not abuse the discretion conferred upon it by the said article by discharging the jury after it had been out nearly two days, including Sunday.

2. EMBEZZLEMENT—FACT CASE.—To constitute embezzlement under the code of this State, the conversion must be of money or other property of the principal or employer, and it must have come into the possession of the agent or employe by virtue of his agency or employment. See the opinion for the substance of evidence *held* insufficient to support a conviction for embezzlement, in as much as it does not establish the necessary fact that the money converted was the property of the employer.

APPEAL from the District Court of Travis. Tried below before the Hon. A. S. Walker.

The conviction in this case was for the embezzlement of thirty-eight dollars and seventy-eight cents, the property of J. H. Patterson, in Travis county, Texas, on the first day of November, 1885.

The opinion states sufficiently the purport of the testimony of Messrs. Patterson and Dahlich, the only witnesses in the case.

The motion for new trial raised the questions discussed in the opinion.

*Robertson & Williams,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

HURT, JUDGE. This is a conviction for embezzlement. When defendant was put upon trial he interposed a plea in bar of the prosecution, which was held bad upon demurrer, and this is the first question presented.

Did this plea show former jeopardy, such as would bar a farther prosecution? The facts set out in this plea are, in substance,

that he had on a former day of the term, to-wit, on the tenth of April, 1886, been put upon trial upon this indictment; that he pleaded not guilty; that a jury was duly impaneled and sworn; that the case was submitted to the jury upon the law, evidence, and argument; that said jury retired to consider of their verdict at about six o'clock p. m. of Saturday, April 10; that about two hours thereafter the court adjourned to the Monday following; that on Monday, at about twenty-five minutes past four o'clock p. m., they were brought in to court by order of the judge, and reported to the judge that they had not and could not agree upon a verdict in the cause; that said jury had been out for about forty-six hours, including Sunday; that the court thereupon, without the consent of defendant, discharged the jury.

It has been held by this court in Varnes v. The State, 20 Texas Court of Appeals, 109, that it is only where the discretion conferred by Article 701 of the Code of Criminal Procedure upon the trial court to discharge the jury when they have been kept together such a length of time as to render it altogether improbable they can agree, has been abused to the injury of the defendant's rights, that this court will interfere. In this case there is no such abuse or consequent injury shown, and we are of the opinion that the court did not err in sustaining the demurrer to the plea.

Another question presented by the record is:— Does the evidence sustain and warrant the conviction for the crime of embezzlement? To constitute the crime of embezzlement under our code, the conviction must be of money or other property of the principal, or employer, and it must have come in to possession of the agent, or employe, by virtue of such agency or employment. Unless these two facts are proven, the conversion may be a crime, but it is not the crime of embezzlement. It is the breach of a trust reposed in the agent, or employe, by his principal, or employer, which is the gist of the offense. (Johnson v. The State, 21 Texas, 775.)

The defendant in the case at the bar presented to one Dahlich a bill, or account, against Dahlich, and in favor of Patterson, for the price of a bale of cotton. Dahlich, knowing the bill to be due and owing to Patterson, and knowing that defendant was, or had been, in the employ of Patterson, and believing defendant authorized to collect the money, paid it to defendant. The defendant never accounted for the money to Patterson.

Patterson's testimony, so far as it bears upon the issue we are

discussing, is as follows: " He (defendant) was in my employ * * as clerk and cotton weigher, and to do any thing he might be called upon to do. I know this paper (the bill). I know the hand writing. It is in defendant's hand writing. C. A. Dahlich owed me the amount named in the bill, for a bale of cotton. Defendant never notified me of having collected it. * * Defendant was employed by me to act as clerk, to sample and weigh cotton. I some times would be called away, and would then sign checks for him to buy cotton. He performed such duties about the office as I directed him to do. * * I never authorized defendant to collect bills for me. I never sent him out bill collecting. * I did not make out this bill. I did not authorize defendant to make it out. I did not authorize him to present it. I did not authorize him to receive said money for me. He did it on his own hook, and without any authority from me. I never authorized him to collect this money, and he had no authority to receive it. He acted outside of, and beyond his employment by me."

To recur to our question: Did this money come into the possession of defendant by virtue of his agency or employment? Was the money thus in the possession of defendant the money of Patterson? If these questions are to be answered in the affirmative, the conviction is right and must stand; otherwise not.

We are of the opinion that the money was not collected by the defendant by virtue of his employment, and that the money converted was not the money of the principal, Patterson, for the reason that after the collection made by defendant, Dahlich's debt to Patterson still existed.

Because the evidence does not support the allegation in the indictment that the money appropriated was the property of Patterson, the judgment is reversed and the cause remanded.

*Reversed and remanded.*