PEOPLE *v.* SEELEY.

1. TOWNSHIP TREASURERS — UNLAWFUL APPROPRIATION OF PUB-
LIC MONEYS—EVIDENCE—ADMISSIONS.

An admission by respondent, charged with unlawfully appro-
priating township moneys collected by him as township
treasurer, to his successor in office, in the course of a con-
versation had after respondent had ceased to be treasurer,
that there was a shortage in his accounts, may be given in
evidence against him.

2. SAME—TAXES—COLLECTION.

A township treasurer is not authorized to accept anything ex-
cept money in payment of taxes.

3. SAME—PRIMA FACIE CASE—REBUTTAL.

In a prosecution under 3 How. Stat. § 9263*a*, for unlawfully
appropriating public funds received as township treasurer,
respondent may rebut a *prima facie* case, made, under the
statute, by an apparent shortage on the books, by showing
that the shortage arose from his having accepted logs in pay-
ment of taxes, and receipted the taxes as though they had
been paid in cash.

4. SAME.

But the unlawful appropriation to his own use of moneys
received for the logs would constitute the offense charged.

Exceptions before judgment from Gladwin; Sharpe, J.
Submitted April 19, 1898. · Decided June 7, 1898.

Howard Seeley was convicted of knowingly and unlaw-
fully appropriating public funds to his own use.   *Reversed.*

*D. G. F. Warner*, for appellant.

*Fred A. Maynard*, Attorney General, and *Guy E.
Smith*, Prosecuting Attorney, for the people.

MOORE, J.   An information was filed against the re-
spondent, the material part of which reads as follows:

"That heretofore, to wit, on the 3d day of April, A. D. 1893, and on divers other days and times between said 3d day of April, A. D. 1893, and the 1st day of April, A. D. 1894, at the township of Beaverton, in the said county of Gladwin and State of Michigan, one Howard Seeley, late of said Beaverton township, in said county of Gladwin, and he, the said Howard Seeley, being then and there, during all of said time, treasurer of said township of Beaverton, and the collector of taxes of said township, and a public officer in the said State of Michigan, did then and there knowingly and unlawfully appropriate to his own use nine hundred dollars, and of the value of nine hundred dollars, of the money of the said township of Beaverton, which said money had been collected by said Howard Seeley, and came into the possession of the said Howard Seeley, by reason of the said Howard Seeley's official capacity, contrary to the form of the statute in such case made and provided," etc.

The respondent declined to plead to this information, and a plea of not guilty was entered by the court. The respondent was convicted, and brings the case here on exceptions before sentence.

The record shows that from April, 1893, until April, 1894, Mr. Seeley was treasurer of the township of Beaverton. The records of the township show that he received money as treasurer, and that he failed to turn over to his successor about $700. In December, 1894, Mr. Seeley proposed to the township board to settle with them by turning out the notes of several individuals, indorsed by him, which proposition was accepted. January 1, 1895, the notes were delivered, and a receipt given for them, signed by the supervisor.

On the trial the people gave in evidence a conversation had between Mr. Seeley's successor and himself, which conversation was had after Mr. Seeley had ceased to be treasurer. This was objected to because Mr. Seeley was not then in office. We think it was competent, as an admission on the part of the respondent of a shortage in his accounts.

The respondent offered to show in his defense that,

while the records show the respondent had collected a large amount of taxes, he did not in fact receive money for the taxes, but received saw-logs for them, and, upon receipt of the saw-logs, receipted the taxes as though they had been paid in cash. He also proposed to show that these logs were put into the river, and that the boom which held them in place went out, and the logs were lost, and the respondent became financially embarrassed, and for that reason could not reimburse the township. The court declined to allow this proof to be made. This is said to be error.

Section 1 of the statute under which this information is filed reads as follows:

"That if any person holding any public office in this State, or if the agent or servant of such person, knowingly and unlawfully appropriates to his own use, or to the use of any other person, the money or property received by him in his official capacity or employment, of the value of fifty dollars or upwards, the person so offending shall be deemed guilty of a felony, and shall, upon conviction, be punished by imprisonment in the state prison, at hard labor, not to exceed ten years, or by fine not exceeding five thousand dollars, or both said fine and imprisonment." 3 How. Stat. § 9263*a*.

Section 9263*c* of the act provides that a failure or refusal of any person holding public office to pay over and deliver to his successor all moneys and property which should be in his hands as such officer shall be *prima facie* evidence of an offense against the provisions of section 1 of this act.

It will be noticed that the offense charged is that the respondent knowingly and unlawfully appropriated to his own use $900 of the money of said township. If he never collected the money, is he guilty of its appropriation? It is urged by the people that, when it is shown by the records that the respondent received money which he failed to pay over, the people have made their case; citing *People* v. *Bringard*, 39 Mich. 22 (33 Am. Rep. 344). This would doubtless make a *prima facie* case, under the statute; but

a *prima facie* case may be rebutted.    May not the respondent show that the taxes were never in fact paid to him in money?    The township treasurer was not authorized by law to receive anything for taxes except money. The taxpayer is bound to take notice of the law in that respect.    The turning out of commodities to the treasurer will not pay the taxes, or discharge the taxpayer from the obligation to pay them.    It is not competent for a township treasurer to receive saw-logs in payment of taxes, and bind the township by so doing.    In the case of *Turnbull* v. *Township of Alpena*, 74 Mich. 621, the taxpayer paid his taxes, in part, by giving his note.    The court said:

"The note cannot be treated as a payment of this tax. The treasurer had no right or authority to take the note of the plaintiff in payment of his taxes, and the defendant township could not be bound by such action.    Taxes are due to the public, and not to the tax collector individually. Parties, in paying their taxes, are bound to know that the tax collector, though the agent of his township, has no authority, as such agent, to accept anything in payment of taxes to the public except money, such orders as are drawn upon him by the proper authorities, or orders that are properly receivable as taxes.    His warrant directs him to collect from the persons named in the tax roll the amount of taxes chargeable to each person thereon, and directs how the moneys are to be applied and accounted for by him.    The rights and interests of the public are to be guarded and protected.    The very existence of the government might be endangered if its public revenues could thus be bartered away by its tax gatherers.    The giving of a note is not the payment of a tax."

However culpable the acts of the respondent are, we do not think that by receiving logs for taxes he bound the township, and received money officially, so as to render him, by a failure to turn over the value of the logs to his successor, liable to conviction under the charge contained in the information.    We think the court erred in not receiving this testimony.    If, on the new trial, it is shown that he received money for the logs, he might be convicted of the offense charged.

The other errors assigned are either not well taken, or are not likely to occur again, and for that reason will not be discussed.

The case is reversed, and a new trial ordered

The other Justices concurred.