W. J. MEYERS v. THE STATE.

No. 11280.  Delivered April 4, 1928.
Reinstated, Delivered June 20, 1928.

The opinion states the case.

*Tipps & Puckitt* and *A. S. Basket* of Dallas, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is embezzlement, a felony; the punishment confinement in the penitentiary for five years.

The recognizance is defective.  It is not shown therein that appellant has been convicted of a felony.  See Meyers v. State, No. 11,284, this day decided.

The appeal is dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

CHRISTIAN, JUDGE.—The appeal was dismissed on a former day of this term on account of the fact that the recognizance was

defective. A sufficient recognizance having been supplied, the appeal is reinstated.

Appellant was convicted of the offense of embezzling a check in the sum of $306.70 belonging to Baylor University. It appears that appellant was business manager of Baylor University at Dallas. It was his duty to receive funds belonging to said institution. On December 22, 1926, appellant addressed a written voluntary statement to the Board of Trustees of Baylor University, in which he acknowledged that he was indebted to Baylor Hospital in the sum of approximately three thousand dollars. It was stated in the confession that it was appellant's custom, during the absence of his secretary, to substitute checks belonging to Baylor Hospital for cash received the day before; that he would convert the cash to his own use and benefit and deposit the substituted checks in the bank to the credit of Baylor University; that he would destroy the record cards of patients whose accounts should have been credited with the amounts represented by the checks. The check alleged to have been embezzled was dated May 14th, 1925, made payable to Baylor Hospital in the sum of $306.70, drawn by the Texas Employers Insurance Association and designed to pay the hospital account of E. C. Carruthers. The voluntary statement of appellant contains no reference to the check in question. It was undisputed that the check upon which the prosecution was based was deposited in the bank to the credit of Baylor University, and that the proceeds went to the use and benefit of that institution. If appellant received the amount represented by the check, it came from the cash on hand in his office. The fact that the evidence showed beyond dispute that Baylor University received credit for the check, and that appellant did not thereafter withdraw from the bank any money that had been deposited to the credit of Baylor University, excluded, in our opinion, the hypothesis that appellant embezzled the check.

It was incumbent upon the state to prove beyond a reasonable doubt that appellant converted to his own use and benefit the check described in the indictment. Dickey v. State, 144 S. W. 241. That Baylor University was deprived of the check by an adverse holding or use thereof by appellant does not appear. On the contrary, the evidence warranted the conclusion that appellant embezzled in money the sum of $306.70. It follows that the state failed to discharge the burden of proving beyond a reasonable doubt that appellant embezzled the check described in the indictment.

Believing that the proof fails to sustain the count of the indictment under which appellant was convicted, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.