TANIS CABANA v. THE STATE.

No. 11925. Delivered November 14, 1928.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, statutory rape; penalty, ten years.

The interested parties are Mexicans. Prosecutrix was shown to be a Mexican girl from thirteen to fifteen years old. She testified to several acts of intercourse with appellant and to the birth of two children resulting therefrom. Appellant denied these alleged acts and plead impotency as a defense, claiming that a physical injury years before had made it impossible for him to complete an act of copulation.

The Court throughout his charge referred to prosecutrix as a "female," to which appellant lodged objections to the effect that the Court's charge by the use of the word "female" was upon the weight of the evidence in that it assumed a fact which should have been submitted to the jury as an issue. There is no merit in this contention. It is conclusively shown that the prosecutrix had become the mother

of two children. Her sex was not made an issue and the Court was justified in assuming as he did that this fact had been proven. It was not necessary to submit the same as an issue or to define the word "female," as there can be no doubt of its commonly understood meaning. Stevens v. State, 68 Tex. Crim. Rep. 282.

Many objections of like character were made to the charge and their trivial nature does not justify the consumption of any further time and space in their discussion.

Prosecutrix testified to an act of intercourse in a corn crib, upon which transaction the State elected to rely for a conviction. She was permitted on her original examination to testify over objection to several subsequent acts of intercourse. At the time this testimony was given no cross-examination had occurred and there was no issue before the Court which rendered same admissible and its reception was error. Rosamond v. State, 97 Tex. Crim. Rep. 569; Rosamond v. State, 94 Tex. Crim. Rep. 8. After such testimony was introduced the defendant testified as a witness and denied any act of intercourse and gave testimony showing his physical inability to copulate, the repulsive details of which are not necessary to set out fully, but among which was the statement that it was not possible for him to maintain an erection. After appellant had given this testimony, prosecutrix again took the stand and without any objection testified to these subsequent acts of intercourse and in connection therewith to facts showing the falsity of appellant's defense. This last testimony of prosecutrix was made material by the issues of the case. The rule is that other acts of intercourse may be proven when their admission tends to solve some controverted issue. Crosslin v. State, 90 Tex. Crim. Rep. 467; Skidmore v. State, 57 Tex. Crim. Rep. 502. Moreover, we think that this last testimony of prosecutrix with reference to subsequent acts of intercourse having been admitted without objection, cured the erroneous admission of her testimony first above discussed, under many authorities heretofore announced. Sherow v. State, 9 S. W. (2nd) 353; Osborne v. State, 106 Tex. Crim. Rep. 310; Wagner v. State, 53 Tex. Crim. Rep. 306.

Bill of Exception No. 8 reflects the following: That when appellant was first placed upon the witness stand, prosecutrix was brought into the court room by the State and left standing between appellant and the jury "looking right straight at the defendant." Upon objection, State's counsel stated that error had not been committed and that none of the witnesses had been put under the rule

and then directed the prosecutrix to a seat on State counsel's side of the table, which she took, during all of which time the appellant was in the witness chair under the surveillance of the jury. We have many times condemned theatrical exhibitions before the jury. We are not prepared to hold that enough prejudicial facts are shown in this bill to justify a reversal, but in view of the disposition we make of the case, we will say in passing that the bill reflects an incident that is not to be commended.

Bills of Exception Nos. 10 and 11 raise kindred questions and will be discussed together.

One Zapata was placed on the witness stand by appellant and testified to certain facts showing opportunity that other male persons had to have intercourse with prosecutrix. This was as far as the original examination of Zapata went. This witness then testified, in response to questions from the District Attorney that just before he was placed on the witness stand that a Mr. Miller, the appellant and appellant's counsel told him what to say and do, whereupon appellant's counsel on redirect examination asked such witness the following question: "Isn't it a fact that I told you in the presence of Mr. Miller and in the presence of Tanis Cabana that what we wanted you to do was to tell the truth in here just exactly like you were before your God?" To which last question the District Attorney objected because same was too remote and was an effort to impeach their own witness. Zapata further testified in response to questions by the District Attorney that appellant wanted him to testify to a lie, viz: That he had seen the grandfather of prosecutrix having improper relations with her and that he would pay him for such testimony. Thereafter appellant was placed on the stand and offered to testify that such testimony of Zapata was untrue, that he had not made any such suggestion to Zapata and had not offered to pay him. Upon objection from the District Attorney this offered testimony of appellant was rejected, apparently upon the ground that it was an attempt by the appellant to impeach his own witness. We confess our inability to follow the District Attorney's logic in either of these matters. The transaction which the State elicited from the witness occurred immediately preceding his testimony and certainly was not remote, but even if it were, we are not able to understand how that could affect the legal question involved. The first question by appellant's counsel was an attempt to bring out a part of a conversation already introduced by the State and is made admissible by the statute itself, Art. 728, C. C. P. Moreover, the

State's inquiry developed entirely new matter, in which case it has been uniformly held to give the right of impeachment by proof contradicting or discrediting such newly developed evidence. Harris v. State, 148 S. W. 1071; Williford v. State, 36 Tex. Crim. Rep. 424; Hodge v. State, 64 S. W. 242. Either party bringing out new and material matter from his adversary's witness may not thereafter have excluded testimony offered to contradict or discredit same. A particularly prejudicial and harmful matter was thus by the Court's action permitted to remain undenied and unchallenged. That it was of a highly damaging character is not open to dispute. Appellant received over the minimum in punishment.

We think the above authorities on this matter announce a correct and just rule and make it our duty to reverse and remand this case and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.