JAKE WRIGHT V. THE STATE.

No. 13644.   Delivered November 5, 1930.
Appeal Reinstated December 17, 1930.
State's Rehearing Denied February 18, 1931.

The opinion states the case.

*J. M. Parker,* of Gorman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is rape; the punishment, confinement in the penitentiary for seven years.

This court is without jurisdiction to pass upon the merits of the case owing to the fact that the appeal bond does not comply with the legal requirements, in that it fails to state that appellant was convicted of a felony. This is an essential statutory requisite. Read v. State, 109 Texas Crim. Rep., 314, 4 S. W. (2d) 547. See Art. 817, C. C. P., 1925. It is merely stated in the appeal bond that appellant "stands charged with the offense of a felony."

Appellant is granted fifteen days from this date in which to properly perfect his appeal.

The appeal is dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

Hawkins, J., absent.

CHRISTIAN, JUDGE.—A proper appeal bond having been filed, the appeal is reinstated and the case considered on its merits.

Prosecutrix, Dessie Wright, testified to three acts of sexual intercourse with appellant. It was uncontroverted that prosecutrix was over fifteen and under eighteen years of age at the time, and that she consented to the illicit relations. Appellant failed to testify in his own behalf, and contented himself with offering testimony to the effect that prosecutrix had extended carnal favors to another man previous to the date relied upon by the State in this case. Prosecutrix denied relations with any man other than appellant.

Bill of exception No. 10 recites that the first act of intercourse between prosecutrix and appellant occurred on the 29th of December, 1926; that the court permitted prosecutrix to testify that she and appellant had two subsequent acts of intercourse, one on the 9th day of February, 1927, and a later act, the date of which was not fixed. It appears that the first act of intercourse occurred at the home of Lon Simpson, and that a second act occurred in a pasture some distance

removed from the home of Simpson. The only controverted issue in the case was whether, before appellant had sexual relations with prosecutrix, she had already become unchaste by indulging with another man. The testimony touching subsequent carnal acts did not tend to solve any controverted issue. If appellant was guilty of rape, it was upon the first act. No prosecution for such crime could have been predicated upon any act of intercourse occurring thereafter, as prosecutrix admitted that the first act was indulged in willingly by her. Appellant timely objected to the testimony of prosecutrix touching subsequent acts. The objection was overruled. Thereafter, as shown by bill of exception No. 17, he made a motion to the court requesting that such testimony be excluded and withdrawn from the jury. A special charge on the subject was timely and properly presented. The court declined to give it, but instructed the jury, in substance, that testimony of subsequent acts of intercourse could not be considered, if at all, "except for the light, if any, it might throw upon the act committed on December 29, 1926." This charge was timely and properly objected to, and request again made that said testimony be withdrawn from the consideration of the jury. The conclusion that the learned trial judge fell into error is supported by many authorities. McKnight v. State. 98 Texas Crim. Rep., 355, 265, S. W., 892; Rosamond v. State, 97 Texas Crim. Rep., 569, 263 S. W., 297; Rosamond v. State, 94 Texas Crim. Rep. 8, 249 S. W., 468; Cabana v. State, 111 Texas Crim. Rep., 48, 10 S. W. (2d) 997.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON STATE'S MOTION FOR REHEARING.

MORROW, Presiding Judge.—The conviction is for rape upon Dessie Wright, a girl over fifteen and under eighteen years of age alleged to have taken place on the 29th day of December, 1926. Appellant interposed as a defense that at the time he had intercourse with her the prosecutrix was unchaste by reason of her intercourse with Otto Lasiter on the 23rd day of December, 1924. That the appellant's act of intercourse with the prosecutrix took place on December 29, 1926, was not controverted. There was, however, introduced by him testimony showing that the act of intercourse between Lasiter and the prosecutrix took place in December, 1924. The State introduced two other acts of intercourse between the appellant and the prosecutrix, namely, one on February 9, 1927, and another on March 12, 1927. The State takes

the position upon this appeal that the two subsequent acts of intercourse mentioned were admissible as bearing upon the chastity of the prosecutrix at the time of the first act of intercourse with the appellant. Apparently such is not the view of the subsequent acts which prevailed in the trial of the case. The court instructed the jury as follows: "You are further charged that the State has elected to rely for a conviction in this case upon the act of carnal knowledge, if any, between the defendant Dessie Wright committed on or about December 29th, 1926, if it was. Therefore you cannot consider any other act, if any, of sexual intercourse between the defendant and said Dessie Wright, except for the light, if any, it may throw upon the act committed, if committed, on or about December 29th, 1926."

Objection was made and reserved to the paragraph of the charge quoted above. A request was made that the jury be instructed in substance that the two subsequent acts of intercourse could not be considered as having any bearing upon the alleged act of December 29, 1926. The exception was overruled and a special charge covering the same subject was refused by the court, in which action we think he was in error.

That the appellant had intercourse with Dessie Wright on December 29, 1926, was proved without controversy. Touching that act she said: "I was on the car fender and Jake was on the ground, or the step that you step up on to get in the car. There was not a complete act of intercourse at that time. I took my clothes down and we had intercourse. I didn't believe then it was an intercourse, but later I could tell it was. I could feel his parts, but it ran up against something. His private went part of the way into my private and it went against something."

Describing the second act of intercourse, that is, the one of February 9th, she said that there was some pain; that she shed no blood at the previous act but that there was much pain during the second act. The third act was accompanied by pain and bloodshed.

The testimony establishing the first act of the prosecutrix with the appellant is uncontroverted, and the charge of the court upon that subject appears to have been obviously wrong and probably misleading to the jury. The State now contends that the presence of pain and blood in the act of March 12th and pain in the act of February 9th, were available to the State to controvert the testimony that the prosecutrix and the witness Lasiter had engaged in sexual intercourse. Lasiter gave no description of the extent to which his alleged transaction was successful, or the incidents that accompanied it, and the prosecutrix denied it in toto. On behalf of the State a doctor testified that after March 12th he examined the vagina of the prosecutrix and found the hymen completely ruptured. The other parts of the female organ were normal.

The doctor further said that some pain always attend the first act of intercourse where the hymen was ruptured; also a slight hemorrhage.

Touching the admissibility of the testimony showing subsequent acts of intercourse the precedents to which State's counsel refers are not deemed applicable. In Croselin's case, 90 Texas Crim. Rep., 467, 235 S. W., 905, the question of chastity was not specifically involved, and that Crosslin had any sexual relations with the prosecutrix was vigorously controverted. In Bradshaw's case, 82 Texas Crim. Rep., 351, 198 S. W., 942, the conviction was for incest. The accused denied any act of intercourse. In Rosamond's case, 97 Texas Crim. Rep., 569, 263 S. W., 297, and Lawrence v. State, 87 Texas Crim. Rep., 61, 219 S. W,. 460, there was a reversal in each instance because of the introduction of subsequent acts of intercourse.

The misdirection of the jury in the matter hereinabove discussed requires a reversal of the judgment of conviction. Upon another trial, the evidence might be different. If, however, the State is unable to prove additional facts rendering the subsequent acts of intercourse admissible in evidence, it is the opinion of the writer that they should be excluded. The fact that the absence of details touching the extent of the penetration in the claimed act of intercourse with Lasiter, and the fact that prior to the examination of the prosecutrix by the doctor there were, according to the State's theory and testimony, three acts of intercourse with the appellant, the evidence touching the subsequent acts is deemed of no cogency as establishing the chastity of the prosecutrix at the time of the first act of intercourse with the appellant.

The motion for rehearing is overruled.

*Overruled.*