HAYS SCISSON v. THE STATE.

No. 14743.    Delivered February 24, 1932.
Appeal Reinstated May 4, 1932.
State's Rehearing Denied June 24, 1932.
Reported in 51 S. W. (2d) 703.

The opinion states the case.

*S. L. Gill,* of Raymondville, and *Tarlton & Lowe,* of Corpus Christi, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is embezzlement of property over the value of $50; the punishment, confinement in the penitentiary for two years.

This court is without jurisdiction to pass upon the merits of the case owing to the fact that the recognizance on appeal does not comply with the legal requirements, in that it fails to state that appellant was convicted of a felony. This is an essential statutory requisite. Article 817, C. C. P.; Read v. State, 109 Texas Crim. Rep., 314, 4 S. W. (2d) 547; Wright v. State, 117 Texas Crim. Rep., 485, 35 S. W. (2d) 413; Friday v. State, 117 Texas Crim. Rep., 37, 36 S. W. (2d) 1036.

The appeal is dismissed. Appellant is granted fifteen days from this date in which to perfect his appeal.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON THE MERITS.

CHRISTIAN, JUDGE.—The record having been perfected, the appeal is reinstated and the case considered on its merits.

The case was tried in Nueces county on a change of venue from Willacy county.

Appellant was assessor and collector of taxes for the Raymondville Independent School district. Mrs. N. H. Windsor mailed appellant her check, drawn on the Republic National Bank and Trust Company of Dallas, for $466, in payment of taxes due by her on property located in

the Raymondville Independent School district. This check was made payable to the order of appellant as collector for the district and was signed by Mrs. Windsor. The depository bank of the district was Raymondville State Bank of Raymondville, Texas. Appellant deposited the check in a bank in Brownsville, Texas, to the credit of his individual account. He later withdrew a sufficient amount of money to offset the credit he had received on the books of the bank. Mrs. Windsor was not credited by appellant with the payment of the taxes, but the records of the district showed same to be delinquent. There was evidence of a shortage in appellant's accounts, the proof showing that he was due the district approximately $11,000, represented by taxes he had collected.

It was charged in the indictment, in substance, that appellant was the assessor and collector of taxes of the Raymonville Independent School district of Willacy county, Texas, an incorporated institution; that he fraudulently embezzled, misapplied and converted to his own use, without the consent of the district, a check belonging to the district in the sum of $466, executed by Mrs. N. H. Windsor; that the check had come into his possession and was under his care by virtue of his office. The check was set out in haec verba in the indictment. It was alleged that it was of the value of $466.

After the conclusion of the evidence, appellant requested the court to instruct the jury to return a verdict of not guilty on the ground that the proof failed to sustain the allegation that he had embezzled a check belonging to the school district. The opinion is expressed that appellant's contention that there was a variance should have been sustained.

A tax collector has no authority to receive anything but cash in payment of taxes. Austin, State Banking Commissioner, v. Fox, 117 Texas, 263, 1 S. W. (2d) 601; Figures et al. v. State (Texas Civ. App.), 99 S. W., 412; Ward v. Marion County, 26 Texas Civ. App., 361, 62 S. W., 557, 63 S. W., 155; City National Bank of El Paso v. City of El Paso, Texas (C. C. A.), 10 Fed. (2d) 308; Eggleston v. Plowman, 49 S. D., 609, 207 N. W., 981, notes 44 A. L. R., p. 1231, 1234, and cases cited. The judicial precedents are to the effect that private arrangements for payment (differing from the statutory method), made between the collector and tax payers, and performance thereof are at the risk of the parties thereto, and not of the state or county. Austin, State Banking Commissioner, v. Fox, supra; Orange County v. T. & N. O. R. Company, 35 Texas Civ. App., 361, 80 S. W., 670; T. & N. O. R. Company v. State, 43 Texas Civ. App., 580, 97 S. W., 142. Appellant was not authorized to receive the check in payment of taxes. When he accepted the check from Mrs. Windsor he did so merely as an accommodation to her and not in his official capacity as agent of the school district. To constitute the crime of embezzlement the conversion must be of money or other property of the principal or employer, and it must

come into the possession of such agent or employe by virtue of such agency or employment. Brady v. State, 21 Texas App., 659, 1 S. W., 462; Dickey v. State, 65 Texas Crim. Rep., 374, 144 S. W., 271. We think it is clear that the proof did not support the allegation that appellant embezzled a check belonging to the school district.

In State v. Ross, 312 Mo., 510, 279 S. W., 411, it was shown that Ross was deputy commissioner of finance of the state of Missouri. It was charged in the indictment that he, while acting as deputy commissioner of finance, in charge of the assets of a certain named bank, embezzled approximately $3,000 which came into his hands. The proof showed that Ross received a check in the amount mentioned in the indictment payable to him as examiner in charge of the bank; that he cashed the check and deposited the proceeds in another bank to his individual account; that the proceeds never got into the official account of the commissioner of finance. Ross claimed that there was a variance between the pleading and proof because the proof showed that there was an embezzlement of a check and not an embezzlement of the money, the proceeds of the check. In concluding that there was no variance, the Supreme Court of Missouri referred to the fact that proof of the embezzlement of a check did not sustain a charge of the embezzlement of money, but said that the check was made payable to Ross as deputy finance commissioner and that he had a right to collect it in his official capacity, and hence that his collection of the money on the check was no crime. The court said further that the conversion occurred when Ross obtained the money, diverted it from its proper channel, and applied it to his own use.

It is no longer an open question in this state that an allegation of embezzlement or misapplication of a check is not supported by proof of the embezzlement or misapplication of money. Meyers v. State, 110 Texas Crim. Rep., 212, 8 S. W. (2d) 125. Appellant received the check from Mrs. Windsor with the understanding that as an accommodation to her he would cash it and pay her taxes. It was necessary to cash the check in order to pay the taxes. The proof on the part of the state did not show the embezzlement of the check, as alleged in the indictment, but on the contrary tended to show that appellant embezzled and misapplied the proceeds of the check.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—We disclaim any intention of holding that

when appellant obtained the money on the check which was payable to him that he did not hold such *money* as collector of the school district, in his official capacity. The sole question before this court is whether the proof supported the allegation that appellant embezzled a check belonging to the district. We think we correctly decided the question in the original opinion.

In the case of People v. Seeley, 117 Mich. Rep., 263, 75 N. W., 609, 610, the Supreme Court of Michigan considered a conviction of the treasurer of a township for appropriating to his own use $900 which it was alleged belonged to the township, and had been collected by the treasurer by reason of his official capacity. The accused had sought to prove that while the records showed that he had collected a large amount of taxes, he did not in fact receive money for the taxes, but received saw logs for them, and, upon receipt of the saw logs, receipted the taxes as though they had been paid in cash. He also proposed to show that these logs were put into the river and that the boom which held them in place went out, and the logs were lost. In reaching the conclusion that the testimony in question was improperly rejected, the court said:

"It will be noticed that the offense charged is that the respondent knowingly and unlawfully appropriated to his own use $900 of the money of said township. If he never collected the money, is he guilty of its appropriation? It is urged by the people that, when it is shown by the record that the respondent received money which he failed to pay over, the people have made their case; citing People v. Bringard, 39 Mich., 22, 23 (33 Am. Rep., 344). This would doubtless make a prima facie case, under the statute, but a prima facie case may be rebutted. May not the respondent show that the taxes were never in fact paid to him in money? The township treasurer was not authorized by law to receive anything for taxes except money. The taxpayer is bound to take notice of the law in that respect. The turning out of commodities to the treasurer will not pay the taxes, or discharge the taxpayer from the obligation to pay them. It is not competent for a township treasurer to receive saw logs in payment of taxes, and bind the township by so doing. * * * However culpable the acts of the respondent are, we do not think that by receiving logs for taxes he bound the township, and received money officially, so as to render him, by a failure to turn over the value of the logs to his successor, liable to conviction under the charge contained in the information. We think the court erred in not receiving this testimony. If, on the new trial, it is shown that he received money for the logs, he might be convicted of the offense charged."

In Richards et al. v. Hatfield, 40 Neb., 879, 59 N. W., 777, 780, the Supreme Court of Nebraska wrote as follows: "A third contention for appellant is that taxes can only be paid in money; that a collector of taxes has no authority to receive in payment thereof anything but

money; and that, as the evidence in this case shows that Redick paid the taxes to the treasurer by giving him a check on a bank therefor, therefore the evidence does not support the finding of the court that Redick in fact paid the taxes to the treasurer. We agree entirely with the contention of counsel that no tax collector has any authority to receive in payment and discharge thereof anything but lawful money of the United States, and that, if he does accept any kind of property other than lawful money in payment of taxes, such acceptance by him of such property will not operate to discharge or pay such taxes. It is doubtless true that a collector of taxes may refuse to accept a check or draft in payment thereof, and may insist upon being paid in actual money, and until such payment is made the taxes will not be discharged; but in this case King, the county treasurer, accepted in payment of the taxes a check of Redick drawn upon an Omaha bank. If this check had been protested, or never had been paid, of course it would not have operated as a payment of taxes; *but the treasurer obtained the money on this check from the bank on which it was drawn, and the moment he did so he held such money as treasurer of the county, in his officail capacity, and the taxes to pay which it was given were from that moment paid and discharged.*"

See, also, Hubbard v. Auditor Gen., 120 Mich., 505, 75 N. W., 979; Annotation in 44 Am. Law. Rep. Ann., at page 1234.

The state's motion for rehearing is overruled.

*Overruled.*