## W. A. HANNA v. THE STATE.

No. 20705. Delivered January 3, 1940.

The opinion states the case.

*J. V. Patterson,* of Decatur, and *Fred Minor,* of Denton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appellant was sentenced to serve three years in the penitentiary by the District Court of Wise County on a charge of misapplication of public funds.

The appellant was county commissioner of Precinct No. 2 in Wise County and was charged by indictment at the May term of court, 1939, with unlawfully and fraudulently paying and delivering to E. N. Sullins $105.00 in money "then in his custody and possession." It is further alleged that the said E. N. Sullins was not entitled to receive same; that W. A. Hanna knew that he was not entitled to receive it.

The evidence in the case shows that E. N. Sullins and the appellant entered into an agreement whereby the appellant bought an automobile and was to make monthly payments of $57.50 until the balance owing on the car was paid. Each month Sullins would file with the court, presumably in the prescribed manner, a fictitious account in various sums, always exceeding the monthly payment due. He would then call at the office of the county treasurer, secure the warrant, get it cashed at the bank and take the money, usually giving to the appellant a portion in excess of the payment due on the car but keeping some of the amount so collected himself. The item in question was for $105.00, made payable to Glen Hardin, a son-in-law of Sullins. At no time did appellant give any money to Sullins. Out of these transactions the grand jury of Wise County returned five indictments, being a separate one for each transaction for five successive months. In each case the appellant pleaded guilty, waived a jury and permitted the judge to fix the penalty. The State introduced evidence in the case, about which there was no dispute, and detailed the transaction fully, and thereby proved a different offense to that charged in the indictment.

It is the contention on this appeal that there is a variance between the indictment and the proof. The indictment alleges the money to have been in the possession of the appellant and the prosecution is under Article 95 of the Penal Code. There can be no question from the record that the evidence fails to show that the sum of money involved was in the hands of the appellant in his official capacity as county commissioner of Wise County, and there could likewise be no contention that he had any legal right to receive it as such from the source which

brought it to him under all the circumstances of the transaction described in the record. According to the evidence in this case, he received $67.50 instead of the $105.00 alleged in the indictment and did not deliver it to Sullins.

This Court has held in the case of Scisson v. State, 121 Tex. Cr. R. 71, 51 S. W. (2d) 703, that the tax collector of an independent school district had no right to receive a check in payment of taxes due the district, and that the accused could not be guilty of embezzlement of a check received by him for that purpose.

In Reynolds v. State, 92 S. W. (2d) 458, the court had under consideration an indictment of the county tax collector for the misapplication or conversion of public funds which had "come into his custody or possession by virtue of his office." The facts showed that the tax collector had deposited money in the county depository as required by law and had drawn a draft on the county depository wrongfully. This, it was held, did not constitute conversion or misapplication of public funds since the funds had passed from the tax collector's possession and custody and were in the county depository.

We have given consideration to all the constitutional and statutory provisions fixing the duties of county commissioners and have reached the conclusion that the county commissioners of the county are not, by virtue of their office, the custodians of the county funds. If they should in fact have in their possession funds belonging to the county which they are holding as county commissioners, it is incumbent upon the State to prove such fact, the existence of which is necessary for a conviction in a case like the one before us.

The appellant has pleaded guilty There are five companion cases before us. The offense is a heinous one, comparable to perjury, treason and other offenses which strike at the very root of our government. It is with no indulgence of the appellant and with great reluctance that we have reached the inevitable conclusion that the State has carved from his crime the wrong offense and that this cause should be reversed.

The case is reversed and remanded.