## JACK DANIELS *v.* THE STATE.

ASSAULT WITH INTENT TO MURDER. — Though a charge on this offense need not be so full and specific as in trials for murder, yet it is requisite that it enlighten the jury on the elements of murder, including a general definition of malice, so as to enable them to apply to the evidence the criterion whether, had death ensued, the killing would have been murder.

APPEAL from the Criminal District Court of Harris. Tried below before the Hon. G. COOK.

The case is sufficiently disclosed in the opinion.

*E. P. Turner,* for the appellant.

*W. B. Dunham,* for the State.

WINKLER, J.   The appellant was convicted of an assault with intent to murder.   A motion for a new trial was made

and overruled, and judgment of conviction entered on the verdict, from which this appeal is prosecuted.

On the trial below, the court charged the jury to this effect: "If you believe from the evidence, beyond a reasonable doubt, that the defendant, being of sound memory and discretion, did, as charged in the indictment, with the purpose and intent to kill Jim Jones, shoot him with a pistol, within carrying distance, and that the pistol, as used, was a deadly weapon, reasonably calculated to produce death, you will say, by your verdict, that you find the defendant guilty of an assault with intent to murder," etc.

We are of opinion that the charge is defective in that it does not sufficiently inform the jury as to the constituents of the offense for which the accused was on trial; in that it failed to instruct them what was requisite for the proofs to show in order to warrant a conviction. The criterion being that, if death had resulted, the killing would have been murder, it became necessary that the jury should have been enlightened by the judge as to the elements of murder, including some general definition of *malice*—as, without malice, there can be no murder.

It is not to be expected that, in trials for assaults with intent to commit murder, the charge of the court should necessarily be so full and specific as on trials for murder; still, juries should be informed sufficiently to give them a general idea of the meaning of the expression in the Code as to the test of the offense, agreeably to article 497 of the Penal Code (Pasc. Dig., art. 2159), as follows: "Whenever it appears, upon a trial for assault with intent to murder, that the offense would have been murder had death resulted therefrom," etc. Juries are not presumed to know the law; on the contrary, "they are bound to receive the law from the court, and be governed thereby." Code Cr. Proc., art. 593 (Pasc. Dig., art. 3058).

As to the necessity of this instruction, see *Anderson* v.

*The State,* 1 Texas Ct. App. 730, and *Hodges* v. *The State,* 3 Texas Ct. App. 470, where numerous authorities are cited.

For this defect in the charge, which is otherwise unexceptionable, the judgment must be reversed and the case remanded.

*Reversed and remanded.*