H. O. TUCKER v. THE STATE.

No. 12716.   Delivered June 19, 1929.
Rehearing granted April 2, 1930.
Reported in 26 S. W. (2d) 638.

42

The opinion states the case.

*Cunningham & Lipscomb* of Bonham, for appellant.

*A. A. Dawson* of Austin, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for assault to murder; punishment, two years in the penitentiary.

That appellant stuck an ice pick into the body of Jim Bell, under the shoulder blade of the latter, from the effects of which he was in bed for four or five days, seems not in dispute. Appellant said he did it in self-defense. The jury seem not to have agreed with this claim.

There are four bills of exception. No. 1 is to the refusal to let witness Lee testify what he said to appellant, in the presence of Bell, in regard to a statement of Bell reflecting on county commissioner Wright. The relevance of the testimony does not appear from the bill and we perceive no error.

Bill No. 2 sets out the admission of testimony that the morning after the alleged assault an ice pick handle was found about the place where Bell said the difficulty occurred. Appellant claimed it occurred on the opposite side of a railroad right-of-way. The effect of the testimony would be to corroborate Bell's story. Several objections were urged. The bill is qualified at some length. Without discussing the matter, it seems manifest that the objections were not well taken.

Bill No. 3 sets out at length paragraphs three and six of the charge, and states that same were excepted to for two reasons which appear to us altogether too indefinitely stated to have pointed out to the trial court the part of the charge, if any, at which the objections were leveled,—which exception, however, concludes as follows: "And authorizes and permits a conviction, even though the offense was not committed with malice aforethought." In his brief appel-

lant insists that a charge which would authorize a conviction of any person in this State for assault to murder without requiring a belief on the part of the jury that such person was actuated by malice aforethought, would necessarily be erroneous. Murder is now defined by our statute to be the voluntary killing of a human being, and Art. 1160 P. C. plainly says: "If any person shall assault another with intent to murder, he shall be confined," etc. This court must follow the law and interpret the law, but is not empowered to make laws. It is unquestionably true that under the present law a person may be convicted of assault to murder and sent to the penitentiary for a term of years when there is no specific requirement in the charge of the court trying him, that the jury must find as a necessary fact that the commission of the offense was upon malice aforethought. The jury must be told in a charge for this offense that the accused can not be convicted unless the jury believed beyond a reasonable doubt that in whatever assault he may have made there was the intent to kill. This the court below did in the case before us. The legislature originally put malice aforethought into murder, and consequently, into assault to murder; they have now seen fit to take it out to the extent that it is no longer a necessary element in either offense. The boundary line in such cases as the one before us, between aggravated assault and assault to murder is,—was there an intent to kill? Whether there is or not is a question of fact. The jury in this case seemed to have concluded there was such intent.

The remaining bill complains of a separation of the jury. The facts show that upon a recess of the court one juror went from the room too fast for his fellows and preceded them downstairs. The court heard testimony pro and con in considering complaint of this. The testimony shows such separation to have been without intent, and not hurtful. The juror who was away testified that he talked with no one and heard no one say anything relative to this case during the short time he was absent from his brethren. The testimony negatived the hypothesis of injury. Lowe v. State, 88 Texas Crim. Rep. 316; Cavanar v. State, 99 Texas Crim. Rep. 446; Guerrero v. State, 75 Texas Crim. Rep. 558.

Finding no error in the record, an affirmance will be ordered.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant has filed a persuasive motion, and we have carefully considered again the facts in this case with

the result that we are not satisfied that same are sufficient to justify the conclusion that appellant intended to kill the injured party at the time of the alleged assault. The size and character of the ice pick used are not shown, and the testimony of the doctor who examined the injured party does not show that the injury inflicted was of a serious nature nor is there sufficient evidence otherwise of an intent to kill.

Appellant's motion for rehearing is granted, the judgment of affirmance is set aside, and the judgment is now reversed and the cause remanded.

*Reversed and remanded.*