JEFF SMALL v. THE STATE.

No. 13813.   Delivered October 29, 1930.
Rehearing denied December 3, 1930.
Reported in 32 S. W. (2d) 860.

The opinion states the case.

*Johnson & Peden* of Houston, for appellant.

*O'Brien Stevens,* Criminal District Attorney and *E. T. Branch,* both of Houston, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, Presiding Judge.—Assault with intent to murder is the offense; penalty, confinement in the penitentiary for a period of twelve years.

The evidence which was before the trial court is not brought up for review.

In the indictment the following words are found:

"* * * do present that Jeff Small on the 1st day of January, A. D., 1930, in said county and State, *will* malice aforethought, in and upon Rufus Bashful, did make an assault with the intent then and there to kill the said Rufus Bashful."

Appellant's counsel points to the fact that *proof of malice aforethought* is essential to warrant a conviction for assault with intent to murder, citing numerous cases, among them being Davis v. State, 259 S. W. 946; Thurogood v. State, 220 S. W. 337; Hodges v. State, 3 Tex. Ct. App. 470; Daniels v. State, 4 Tex. Ct. App. 429; Caruthers v. State, 13 Tex. Cr. R. 339. Upon that predicate, appellant insists that an averment of malice aforethought in the indictment is essential in a prosecution for assault with intent to murder. In an indictment for murder such an averment has been uniformly required. The statute (Art. 409, C. C. P., 1925), in prescribing the requisites of an indictment for murder, gave the form as follows:

"A B did, with malice aforethought, kill C D by shooting him with a gun."

The article mentioned has been a part of the statutory law of the state for many years. See Dwyer v. State, 12 Tex. Ct. App. 535; also Vernon's Ann. Tex. P. C., Art. 1916, Vol. 4, p. 692, and numerous cases there cited. It was not a creation of the new murder law set out in Chap. 274, Acts of 40th Legislature. See Swilley v. State, 25 S. W. (2d) 1098. Notwithstanding the law has long demanded that an indictment for murder charge that

the homicide embrace the term "malice aforethought" and has demanded that in a prosecution for *assault* to murder that the proof must show *malice aforethought* to warrant a conviction of assault to murder, this court has uniformly held that in an indictment for *assault* with intent to murder there *need not be an averment* charging that the assault was upon *malice aforethought*. Before the adoption of the present Constitution, it was declared by the courts that an indictment for assault with intent to murder was sufficient without an averment that the assault was with malice aforethought. That such an indictment was valid without the use of the words "malice aforethought" was first declared in the year 1874 in the case of Hudson v. State, 40 Tex. Rep. 13. It was again so declared in the case of Martin v. State, 40 Tex. Rep. 19. In the case of Mills v. State, 13 Tex. Cr. App. 491, under a separate indictment charging assault with intent to murder, the accused was convicted and the case was affirmed. The court said:

"This precise question was discussed at length by Judge Gray, in Martin v. State, 40 Texas, 19, and it was there held that the omission to allege that the assault was made with *malice aforethought* was not fatal to the indictment."

It was again affirmed by the majority opinion in the case of Gordon v. State, 23 Tex. Cr. App. 219. The reasoning advanced in the opinions is that our code is designed to define "in plain language" every offense and to fix the penalty, and that the common law shall be the rule of construction only when in conflict with our own statutory provisions or when our code is silent with reference to the procedure in a given case. It was thought in writing the opinion that murder, being a specific offense, the demand that the offense of assault to murder be set forth "in plain language" was met by the averment that the assault was with intent to murder, and that malice aforethought, being a part of the law of murder, it was unnecessary to embrace that term in an indictment for the offense of assault with intent to murder, insisting, however, that the omission of the term "malice aforethought" would, in no sense, relieve the prosecution from *making proof* that the *assault* was with *malice aforethought* as a predicate for a conviction of *assault with intent to murder*. For more than half a century, therefore, the law has required that in an indictment for murder there must be an averment and proof of malice aforethought as a predicate for a conviction, and in an assault to murder there must be *merely an averment that there was an assault to murder,* followed by proof that the assault was made with malice aforethought. The repeated

re-enactment of the definition of the offense of assault with intent to murder without departure from its terms as set forth before the adoption of the present Constitution implies the adoption by the legislature of the principles and procedure which have been announced by this court and the Supreme Court in the interpretation of the statute defining assault with intent to murder.

The contention that the enactment of the new murder statute (Art. 1256, embraced in Chap. 274, Acts of 40th Leg.), operated to make a radical change in the form and substance of an indictment for assault with intent to murder, offends against the principle resting upon the authority of precedents and constitutional declarations that a statute is not to be amended by implication but that its amendment can be effected alone by an enactment specifically setting forth its changed terms. See Constitution of Texas, Art. 3, sec. 36, which provides that the act revived or the section or sections amended, shall be re-enacted and published at length. See also Lewis' Sutherland Statutory Construction, 2nd Ed., Vol. 2, p. 758, sec. 399; Lewis v. State, 58 Tex. Cr. R. 351; Gunn v. State, 95 Tex. Cr. R. 276; Williams v. State, 88 Tex. Cr. R. 97; Francis v. State, 90 Tex. Cr. R. 67; Munoz v. State, 103 Tex. Cr. R. 439. On the subject, it was said by Judge Ramsey, speaking for the court in Gilford's case, 54 Tex. Cr. R. 511:

"On this question appellant submits a lengthy and quite vigorous argument. The contrary, however, has been held for more than a generation, and notwithstanding the learned and elaborate dissenting opinion of Judge Hurt in the case of Gordon v. State, 23 Texas Crim. App. 219, the court in that case used the following language: 'A majority of the court are of the opinion that the indictment in question, being a valid indictment at the time of the adoption of our Constitution, is not subject to the objections made to it by Judge Hurt. We can see no sufficient reason, and no practical good, at this late day, in disturbing, or even questioning, the previous decisions upon this subject.' Such also was the holding of the court in the cases of Martin v. State, 40 Texas, 19, and Mills v. State, 13 Texas Crim. App. 487. We have no doubt of the correctness of these decisions, and we should, in any event, feel bound by the unbroken line of decisions by this court."

In the lights before us, we are constrained to hold that in an indictment for assault with intent to murder an averment that the assault was made with malice aforethought is not required.

The judgment fails to take note of the Indeterminate Sentence Law. The judgment is reformed so as to condemn the appellant

to confinement in the State Penitentiary for a period of not less than two nor more than twelve years.

As reformed, the judgment is affirmed.

*Affirmed.*

Hawkins, J., absent.

### ON MOTION FOR REHEARING.

LATTIMORE, Judge.—We have said in many cases that it was sufficient to charge the offense of assault with intent to murder, to say in the indictment that A did then and there make an assault upon B with intent to murder him; also it is held that it is sufficient to charge that A did, with malice aforethought, make an assault on B with intent to kill B.

Attention is called in appellant's motion for rehearing herein to the fact that while apparently the offense of assault to murder in this case was intended to be charged in accordance with the second form above referred to, that there is no word "with" just before the words "malice aforethought," in the indictment, but that instead there appears the word "will," so that the indictment reads that Jeff Small did "will malice aforethought." No motion to quash this indictment was made in the trial court before the trial, but the question seems attempted to be raised in the motion in arrest of judgment. Such matter should ordinarily be raised in a motion to quash. Mosier v. State, 90 Texas Crim. Rep. 136. We, however, think it impossible that the accused was misled, or that he was not informed by what appears to us to be a plain typographical error or clerical mistake, that the pleader intended to charge that the assault was "with malice aforethought." The expression "with malice aforethought" is a sort of formula well understood and settled in practice as a necessary element in certain offenses, that of assault to murder being one of them, and there seems no room for serious doubt of the proposition that in the instant case, when viewed in the light of the context, the pleader intended to say that the assault was "with malice aforethought," and that the accused was sufficiently informed of the intention of the pleading. Garza v. State, 87 Texas Crim. Rep. 537; Dupree v. State, 80 Texas Crim. Rep. 211; Coffey v. State, 82 Texas Crim. Rep. 57; Compton v. State, 67 Texas Crim. Rep. 15. See also Art. 8 P. C.

The motion for rehearing will be overruled.

*Overruled.*

Hawkins, J., absent.