PAUL KING v. THE STATE.

No. 13819.    Delivered February 25, 1931.

The opinion states the case.

*Llewellyn & Henderson* and *Rogers & Rogers,* all of Marlin, for appellant.

*Lloyd .W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for assault to murder; punishment, eight years in the penitentiary.

Complaint is made in bill of exception No. 6 of the refusal of a special charge, in substance, that a conviction for assault to murder could not be had unless the jury believed the assault was made with malice. This again raises the question as to whether malice or malice aforethought is an element necessary to prove or submit in the charge in trials for assault to murder. We say again,—because the same question was raised in Tucker's case, 115 Texas Crim. Rep., 41, 26 S. W. (2d) 638,—that malice is no longer a part of the offense of assault to murder in this State. We have again considered the matter, but without changing our views.

The offense of assault to murder, defined in article 1160, P. C., is there stated as follows: "If any person shall assault another with intent to murder, he shall be confined in the penitentiary not less than two nor more than fifteen years."

The only additional light derived from statute on what is assault to murder in this State, is what is said in article 1165, P. C., that an assault with intent to commit any other offense is constituted by the existence of the facts which bring the offense within the definition of assault, coupled with an intention to commit such other offense, as * * * murder, etc. What facts, if proved, would constitute murder as now defined? The necessary answer is in the language of article 1256, P. C., as amended by the Acts of the 40th Legislature, Regular Session, Chap. 274: "Whoever shall voluntarily kill any person within this State shall be guilty of murder." Testimony establishing an assault, if sufficient to show that there was on the part of the accused in the making of such assault a specific intent to kill, would seem to measure up to the proof necessary in ordinary cases of assault to murder. In certain classes of cases proof of such specific intent is not necessary. Whiteside v. State, 115 Texas Crim. Rep., 274, 29 S. W. (2d) 403.

Malice is not now an essential element of the offense of murder, but a charge on malice aforethought is by statute (chapter 274, section 3a, as amended by Act 40th Leg., 1st Called Session, chap. 8, sec. 1) made obligatory in murder prosecutions in order that the jury may know how to fix the punishment in accordance with the provisions of Chap. 274, supra. Crutchfield v. State, 110 Texas Crim. Rep., 427, 10 S. W. (2d) 119; Harris v. State, 111 Texas Crim. Rep., 133, 12 S. W. (2d) 211. Stated in different form—a jury may now convict for murder in a case in which the killing is without malice. If this court should hold that

upon the trial of one charged with assault to murder, it would now be necessary to prove malice, and to submit the question of malice to the jury in the charge, we would, in effect, be holding aside from and beyond any statutory direction; and this would be judicial legislation, the effect of which would be to keep in force, in so far as the law of assault to murder is concerned, a definition of murder which no longer exists on our statute books. We do not think ourselves authorized to so overrun the statute.

It is true that prior to the enactment of Chap. 274, supra, murder was necessarily a killing upon malice, or under circumstances deemed equivalent, and we therefore held it necessary to prove malice, and submit in the charge the issue of malice in cases of assault to murder—but the purposed omission of malice from murder in the definition thereof in said Chap. 274, supra, seems to compel a different rule regarding the charge of the court and the proof in assault to murder cases now.

There has been no re-enactment of the law of assault to murder since the passage of said chapter 274, supra, hence no application can be here made of the well-known rule of construction that legislative re-enactment of a law without change in its verbiage is regarded as a legislative adoption of prior judicial interpretations of said law. We would seriously question the application of such rule of construction in any case where the statute involved be one whose very existence and definition are dependent on the existence and definition of another written law. If the law of murder be repealed, our present law of assault to murder would necessarily fall to the ground for lack of measuring up to the re-.quirement that no act can be enforced except it be definitely framed and so construed as that it can be understood from its own language, or that of *some other written* law of the State—as laid down in article 6, P. C.

Our attention is called to the opinion in Small v. State, 116 Texas Crim. Rep. 411, 32 S. W. (2d) 862, in which the indictment for assault to murder charged that such assault was "Will malice aforethought." In the original opinion, as understood by this writer, said indictment was discussed as if said quoted words were omitted entirely from the indictment, and the conclusion was reached that since the new murder statute was enacted by the 40th Legislature,—as was the law before that,—an indictment for assault to murder was sufficient which omitted the words "With malice aforethought." The cases referred to, cited and discussed in said original opinion, were all decided prior to the enactment of said new murder statute, and no announcement was made in said opinion with reference to what is necessary now in the matter of proof or charge of the court, upon the trials of assault to murder cases.

In the motion for rehearing in said Small case, supra, we were criticised for not discussing the force and effect of the use in the indictment

of the words "Will malice aforethought," and that point was practically the only one in the mind of this writer when he wrote on said rehearing. After deciding that the use of the word "will" in said indictment was clearly intended to be the word "with", we said in substance that the words "With malice aforethought" was a sort of formula, etc., etc., settled in practice as a necessary element in * * * assault to murder cases. The authorities cited in the original opinion were before us as well as those cited in appellant's motion, and we did not intend to hold that malice aforethought is now a necessary element in assault to murder cases, nor that it is necessary to use the expression in an indictment for assault to murder, or to define or submit said words upon the trial of an assault to murder case where the indictment omits said expression, nor to require that the jury believe and find upon the proof that such assault was with malice aforethought.

We find nothing in any of the other bills of exception. Bill No. 2 was taken to the court's action in allowing the prosecuting witness, upon the request of the State's attorney, to show the scar made by the cut on his breast. Nothing in said bill shows that this exhibition served no useful purpose. The statement in said bill that seeing this scar was calculated to influence the minds of the jury against appellant, might be literally true, even when the exhibition of said scar had much weight on some material issue. The statement, as ground of objection, that the demonstration was immaterial, was not certified to be correct. Bill No. 3 sets out no surrounding facts from which we might learn that the matter asked about in the question objected to, was not material. Bill No. 4 presents a proposition of law which is not sound, and bill No. 5 was taken to the refusal of a special instruction which does not appear to fit any testimony in the case.

No error appearing, the judgment will be affirmed.

*Affirmed.*

Morrow, P. J., dissents.

### DISSENTING OPINION.

MORROW, Presiding Judge.—The offense is assault with intent to murder; penalty, confinement in the penitentiary for eight years.

Earl Daniels was stabbed by the appellant. A pocket knife was used, the blade of which was about two and one-half inches long. The knife entered the breast of Daniels near the fourth rib. The blade was broken from the knife and afterwards taken out by a physician. The evidence sufficiently shows that the knife used was a deadly weapon. Daniels hit the appellant over the head with an automobile pump. The evidence is conflicting as to whether the appellant or Daniels was the aggressor. Daniels' testimony was to the effect that he was assaulted by the appellant without previous notice. According to Daniels, after he was stabbed,

he went to the automobile and got a pump from the back seat. After hitting the appellant with the pump, Daniels noticed that he was stabbed and was taken at once to a sanitarium. Touching the beginning or the cause of the difficulty Daniels said: "One nigger did step on my foot just as I got out of the car." Daniels said that he ran against him but did not know that a negro boy had stepped on his foot.

Bill No. 2 recites that Daniels, in his direct examination, testified that he was cut by the appellant with a knife, and while on the stand exhibited the wound to the jury. In the bill the wound is described as "a ragged cut on the left breast making a jagged and ugly scar." Nothing has been observed in the bill showing that the appearance of the scar was produced by anything save the cut. Nor is there in the bill any averment that the appearance of the wound did not tend to solve some controverted issue. In the case of Mahaney v. State, 95 Texas Crim. Rep., 443, 254 S. W., 946, the case of Chapman v. State, 66 Texas Crim. Rep., 489, 147 S. W., 580, and Graves v. State, 58 Texas Crim. Rep., 42, 142 S. W., 676, and others are reviewed, and the conclusion of the court is stated in the following language: "The law does not interdict the exhibition of wounds but limits their receipt to occasions when they tend to solve some controverted issue. * * * It being permissible under some circumstances to exhibit wounds to the jury, it was incumbent upon the appellant in the instant case to show, by bill of exception, the conditions which render them inadmissible. The bill, in our opinion, is not of that character." Mahaney v. State, 95 Texas Crim. Rep., 443, 254 S. W., 946, 948. See also Leal v. State, 112 Texas Crim. Rep., 479, 17 S. W. (2d) 1064; Trigg v. State, 99 Texas Crim. Rep., 376, 269 S. W., 782.

The definition of assault with intent to murder has never been changed. The statute defining it was passed before the adoption of the present Constitution, and the courts, then and since, have declared that an indictment charging an assault with intent to murder was sufficient although it omitted an averment that the act was committed with malice or malice aforethought. In the law making malice aforethought an essential element of the offense of murder, the court considered that an averment that the assault was made with intent to murder was a sufficient compliance with the law touching an indictment for assault with intent to murder. See Martin v. State, 40 Texas Crim. Rep., 19; Mills v. State, 13 Texas Crim. App., 487, and other precedents cited in the recent case of Small v. State, 116 Texas Crim. Rep., 41, 32 S. W. (2d) 860. The re-enactment of a statute without change of its verbiage is regarded by all courts as a legislative adoption of the judicial interpretation. See Lewis' Sutherland Statutory Construction, 2nd Ed., Vol. 2, p. 758, sec. 399; also Lewis v. State, 58 Texas Crim. Rep., 351, 127 S. W., 808; Williams v. State, 88 Texas Crim. Rep., 97; 225 S. W., 177;

Francis v. State, 90 Texas Crim. Rep., 67; 233 S. W., 974; Gunn v. State, 95 Texas Crim. Rep., 277, 252 S. W., 172; Munoz v. State, 103 Texas Crim. Rep., 439, 281 S. W., 857. It has been uniformly held that in the trial the proof must show that the assault was made with "malice aforethought" and the jury must be told that *unless it was so made,* there could be no conviction for *assault with intent to murder.* From the opinion of Judge White, in the early case of Hodges v. State, 3 Texas Crim. App., 472, we quote: "It follows, as has been repeatedly decided, that neither in a charge given by a court in a case of murder nor of assault with intent to murder can it be said that the charge presents 'the law applicable to the case,' which fails to define or instruct the jury as to the meaning of the term 'malice'."

In the opinion of the court written by Presiding Judge Davidson in the case of Thurogood v. State, 87 Texas Crim. Rep., 209, 220 S. W., 337, 338, it is said: "If appellant was not actuated by malice aforethought he could not be guilty of assault with intent to murder."

The same announcement has been made and applied in many cases. Among them are Daniels v. State, 4 Texas Crim. App., 429; Carruthers v. State, 13 Texas Crim. Rep., 339; Davis v. State, 96 Texas Crim. Rep., 646, 259 S. W., 946. Any assumption that the Act of the Fortieth Legislature changing the definition of murder operated to amend or change the statute defining an assault with intent to murder is a mistaken one. Statutes are at times repealed by implication. It is a rare case that a statute is amended by implication. See Lewis' Sutherland Statutory Construction (2nd Ed.), vol. 1, sec. 239.

In the Constitution of Texas, article 3, sec. 36, it is said: "No law shall be revived or amended by reference to its title; but in such case the act revived, or the section or sections amended, shall be re-enactd and published at length."

In the case of Tucker v. State, 115 Texas Crim. Rep., 41, 26 S. W. (2d) 638, there is an intimation that the new murder statute (Chap. 274, Acts of 40th Leg. (1927), Reg. Sess.) would deprive the accused in a case of assault with intent to murder of the right to have malice aforethought defined and applied. The statement is in line with Crutchfield's case, 110 Texas Crim. Rep., 420, 10 S. W. (2d) 119, in which it was declared that an averment of malice aforethought was unnecessary in charging the new murder statute amending article 1256, P. C. On reflection the court reached the contrary conclusion which is expressed in Swilley's case, 114 Texas Crim. Rep., 228, 25 S. W. (2d) 1098. Tucker's case, supra, was reversed on rehearing because the facts failed to exhibit the offense of assault with intent to murder. Our investigation of the subject leaves us clearly of the opinion that to warrant a conviction for assault with intent to murder, there must be proof that the accused was actuated by malice aforethought and that an appropriate

instruction to that effect should be given to the jury by the trial court. This is in accord with the unbroken line of precedents, many of which have been cited about. Others will be found in Michie's Texas Digest of Criminal Cases, vol. 3, p. 600; Branch's Crim. Law, secs. 518-519, pp. 339-341.

An indictment for assault with intent to murder embraces the lower grades of assault which, in a proper case, would demand appropriate instruction enabling the jury to differentiate between the higher and the lower grades of the offense. On this subject there are many precedents. See Wilson v. State, 4 Texas Crim. App., 637; also Marshall v. State, 40 Texas Crim. Rep., 200.

From what has been said it follows that in the opinion of the writer the judgment should be reversed and the cause remanded.