## C. J. FRIDAY v. THE STATE.

No. 13740.   Dismissed December 17, 1930.
Reinstated February 25, 1931.
Rehearing Denied April 1, 1931.

The opinion states the case.

*W. E. West,* of Canton, and *Earl M. Greer,* of Wills Point, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is assault with intent to murder; the punishment, confinement in the penitentiary for two years.

The recognizance on appeal is fatally defective in failing to show that appellant had been convicted of a felony. If we understand the corrected recognizance brought forward in a supplemental transcript, appellant did no more than to draw a new recognizance and file it with the clerk. He and his sureties did not enter into a new obligation. It does not appear that the court was in session at the time. There is nothing in the record to show that said instrument was entered in the minutes of the court. We do not understand that a defective recognizance can be amended in the manner shown by this record. We quote article 835, C. C. P., as follows: "When an appeal is taken from the judgment of any court of this State, by filing a bond or entering into a recognizance within the time prescribed by law in such cases, and the court to which appeal is taken determines that such bond or recognizance is defective in form or substance, such appellate court may allow the appellant to amend such bond or recognizance by filing a new bond, on such terms as the court may prescribe."

The appeal is dismissed. Appellant is granted fifteen days from this date in which to perfect his appeal.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

CHRISTIAN, JUDGE.—A sufficient appeal bond having been filed, the appeal is reinstated and the cause considered on its merits.

It is alleged in the indictment that appellant "did then and there unlawfully in and upon J. G. White make an assault with the intent then and there to murder the said J. G. White." Appellant moved to quash the indictment on the ground that it was fatally defective in fail-

ing to allege that the assault was "made with malice aforethought." The motion was properly overruled. The offense of assault with intent to murder is defined in article 1160, Penal Code, as follows:

"If any person shall assault another with intent to murder, he shall be confined in the penitentiary not less than 2 nor more than 15 years."

In Tucker v. State, 26 S. W. (2d) 638, it was held that under the present law a person may be convicted of an assault with intent to murder and sent to the penitentiary for a term of years when there is no specific requirement in the charge of the court that the jury must find as a necessary fact that the commission of the offense was upon malice aforethought. In the case of Paul King v. State, 117 Texas Crim. Rep., 43, 36 S. W. (2d) 490, delivered February 25, 1931, it was held that malice aforethought is not now a necessary element in assault to murder cases. Stated in another way, it was the holding of the court that it is not necessary to use "malice aforethought" in the indictment for assault to murder, or to define or submit said words upon the trial of an assault to murder case.

It was uncontroverted that appellant shot J. G. White with a pistol and seriously injured him. According to the testimony of the state, the injured party was sitting on a bench in front of a meat market when appellant approached him with a pistol and said: "If you have anything to say, tell your story you d-d s-of-a-b-. I am going to kill you." White replied: "What the devil is the matter with you s-of-a-b-, are you crazy?" Appellant said: "By G- you heard what I said." He then shot the injured party, who grabbed him and tried to take the pistol from him. A scuffle ensued. Finally an officer approached and disarmed appellant. Appellant testified, in substance, that J. G. White had wrecked his home; that his wife had told him that White had had sexual intercourse with her in a room over the bank; that upon his first meeting with White after learning of his conduct toward his wife he shot him because he had ruined his home. Touching his condition of mind at the time he fired upon the injured party, appellant said: "When I heard Jim White's voice, it gave me an ague, and I just couldn't stand it and I walked to the door and 'seen' him and I walked and got my gun and shot him—it was more burden than I could stand." Several witnesses for appellant testified that they had seen J. G. White and appellant's wife together in the bank building appellant referred to in his testimony.

Appellant's application for a continuance was predicated upon the absence of his wife, it being alleged that she would testify, if present, that J. G. White had been having sexual intercourse with her for several months prior to the difficulty in which her husband shot him, and that she had advised her husband of their illicit relations on the day appellant assaulted the injured party. The application was properly overruled. Appellant admitted that he intended to kill the injured party, and testified

that his mind was in such condition as to be incapable of cool reflection because of the fact that he had learned from his wife that the injured party had ruined his home. Under the holdings of this court it was not incumbent upon the state to prove that appellant acted upon his malice aforethought in order to sustain a conviction for assault with intent to murder, provided the assault was made with the intent to kill. Paul King v. State, supra. The absent testimony would have shed no light upon any issue, but would merely have tended to show an absence of malice aforethought at the time appellant made the assault.

Appellant objected to the charge of the court on several grounds, among them being that the court failed to define "malice aforethought," and instruct the jury to acquit appellant of assault with intent to murder if they had a reasonable doubt as to whether he acted upon his malice aforethought. Another objection was that the court omitted from the charge an instruction covering the law of aggravated assault. Again, reference is made to Paul King v. State, supra. Giving effect to the holding of this court, we must hold that the exceptions were not well taken.

· The judgmenut is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### DISSENTING OPINION.

MORROW, Presiding Judge.—The foregoing opinion of the Commission of Appeals has the approval of the majority of the judges of the Court of Criminal Appeals. In writing the opinion the Commissioner expressed the views of the court stated in the majority opinion in King v State, 117 Texas Crim. Rep., 43, 36 S. W. (2d) 490, this day decided. The writer's views, however, are in accord with those expressed in the dissenting opinion in the King case, supra.

In my judgment the court should have instructed the jury on malice aforethought. See dissenting opinion in King's case, 117 Texas Crim. Rep., 43, 36 S. W. (2d) 490.

### ON MOTION FOR REHEARING.

LATTIMORE, Judge.—Appellant moves for a rehearing upon four grounds persuasively stated in his motion. Same are that we erred in declining to hold the indictment defective; in not holding that the court should have charged on malice aforethought; in not holding that the court should have submitted aggravated assault, and in not holding that the case should have been continued because of the absence of the appellant's wife.

This court has consistently held it not necessary to charge that the assault was with malice aforethought in an indictment for the offense of assault to murder, even under former murder statutes. Small v. State, 32 S. W. (2d) 860.

We have so recently expressed our views in regard to the lack of necessity under existing laws to submit the law of malice aforethought in the case of a trial of one for assault with intent to murder, where the averments of malice aforethought are not in the indictment, as to render it unnecessary for us to repeat such statements here. Paul King v. State, 117 Texas Crim. Rep., 43, 36 S. W. (2d) 490, opinion February 25, 1931.

It is true that by the terms of our statute, article 695, C. C. P., an assault with intent to commit murder includes all assaults of an inferior degree, so that upon appropriate facts where the charge is assault with intent to murder, it would be proper to submit the law of aggravated assault, yet when the assault was admittedly by shooting with a pistol, and the accused himself testified that he intended by such assault to kill the party shot by him, we are not able to see where the trial court erred in refusing to submit the question of aggravated assault. It has never been held that an issue should be submitted by the judge which is not raised or supported by some testimony in the case. We see no good to come from an attempt to analyze or reconcile with present holdings, the decisions rendered by this court when manslaughter was in our statute, and when convictions were permissible for aggravated assault in cases when the indictment charged assault to murder, upon evidence which showed a voluntary assault under circumstances which indicated a mind agitated by such emotion as to render it incapable of cool reflection. Manslaughter has been eliminated by statute, and a homicide now,—which would formerly have been but manslaughter,—is murder. Perforce then, an assault less than fatal under present laws, which have made murder of what was manslaughter, if shown to be upon such facts as would make it now murder had death ensued, would be an assault to murder. This court can not retain offenses no longer in the law, nor create them when they have no other legal ground or justification for existence than our ipse dixit.

Examining the remaing contention, we observe that the application for continuance appears properly refused, not only upon the ground discussed in the original opinion, but also because no diligence was shown to secure the presence of the absent witness. As a matter of fact, discussion of the proposition is needless as we fail to find any bill of exception in the record taken to the refusal of the continuance.

The motion for rehearing will be overruled.

*Overruled.*