LEWIS FINLEY v. THE STATE.

No. 13388. Delivered April 15, 1931.
Rehearing Denied May 13, 1931.

The opinion states the case.

*Carney & Carney,* of Atlanta, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, Judge.—Conviction for assault to murder; punishment, two years in the penitentiary.

Noticing the contentions of appellant as same appear in the brief filed in his behalf, it is our opinion that bills of exception Nos. 1 and 2 complaining of a statement made by witness Curtright, present no reversible error. It is set up that Mr. Curtright volunteered the statement that appellant was "a notorious negro among the negroes." Both bills carry a similar qualification, affirming that this statement of the witness was in line and accord with testimony being elicited by appellant on cross-examination of State witnesses concerning the character and reputation of the defendant. Aside from this qualification of the court, we do not attach the importance to the statement which is attributed to it by appellant's counsel in his brief. The word "notorious" appears to have the meaning of generally known and talked of by the public; universally believed to be true; evident. Words that are synonyms are remarkable; conspicuous; celebrated; noted, etc. While it is suggested that the word is usually used in an unfavorable sense, we are not inclined to think its use in this instance susceptible to any particular harm to the accused.

Appellant's bill of exception No. 3 seems to present no error, and is not briefed. The complaint appearing in bills of exception Nos. 5 and 6 is of the failure and refusal of the court to define and submit to the jury in his charge malice aforethought. In the recent case of Paul King v. State, 117 Texas Crim. Rep., 43, 36 S. W. (2d) 490, handed down on February 25, 1931, this court by majority opinion laid down the rule as applicable at this time that it is not necessary, in cases of assault to murder, to define or submit the law of malice aforethought in the charge unless it is used in the indictment. The matter is analyzed and discussed at length in said opinion and we pretermit further discussion here.

Appellant excepted generally to the court's charge on principals as being on the weight of the evidence. In his brief he advances the suggestion that where the State relies upon evidence showing an acting

together of the accused with two parties, the charge of the court on principals which singles out one of said parties is on the weight of the evidence. We are not in accord with this contention. The evidence shows, from the State's standpoint, an acting together both in the beginning of the difficulty and throughout on the part of appellant with Willie Austin. It appears to be true that while the actual affray was in progress Willie Austin's father came up and struck the injured party several blows with a stick. This, however, would not militate against the correctness of a charge submitting appellant's guilt as a principal upon the theory that he acted together with Willie Austin only. It occurs to us that if there be any defect in this charge, same would appear to be favorable to the appellant. We are unable to perceive how it could have injured him.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—We have re-examined the statement of facts having in mind appellant's renewed contentions; first, that the evidence does not justify a conviction for assault with intent to murder, and; second, that we were in error in holding not reversible the sheriff's statement that appellant was "a notorious negro among the negroes."

As to the first proposition, we would not feel justified in setting aside the jury's verdict. Even if we entertained some doubt regarding the conclusion reached by them, we would not be authorized to substitute that doubt for a positive finding of the jury which has support in the evidence.

Regarding the second proposition; appellant himself testified that he had "been in trouble lots before, but not in any serious trouble." Another witness testified that appellant's general reputation was that he "wants to fuss and scrap;" and another said appellant's reputation was not good regarding "fighting and fussing and paying fines." Still another witness, after having testified that appellant's reputation as a peaceable citizen was bad, answered upon cross-examination by apellant's counsel that "all I ever heard was his scraps among the negroes, he never gave the white people any trouble." Appellant's counsel elicited from another witness on cross-examination regarding appellant's reputation that "he never did do anything serious, but always give trouble among the negroes." In view of the evidence referred to we can not regard the objectionable statement of the sheriff as sufficiently serious to predicate a reversal upon.

The motion for rehearing is overruled.

*Overruled.*