EUGENE CATES v. THE STATE.

No. 13301. Delivered April 30, 1931.
Rehearing Withdrawn May 28, 1931.

36

The opinion states the case.

*A. M. Wolford,* of McKinney, for appellant.

*J. E. Abernathy,* Co. Atty., of McKinney, and *A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is assault with intent to murder; the punishment, confinement in the penitentiary for two years.

The evidence is sufficient to support the finding that appellant made an assault upon Maggie Murphree with the intent to murder her. The state offered in evidence appellant's confession which was to the effect that he shot the injured party with a pistol because she had left his home and married another man. It appears that appellant and the injured party had lived in the same house, although they were not married.

It was charged in the indictment that appellant "did then and there unlawfully and voluntarily make an assault in and upon Maggie Murphree with the intent to then and there murder the said Maggie Murphree." Appellant moved to quash the indictment on the ground that it was not alleged that the assault was made with malice aforethought. The motion to quash was properly overruled. We quote from Tucker v. State, 115 Texas Crim. Rep., 43, 26 S. W. (2d) 638, as follows: "Murder is now defined by our statute to be the voluntary killing of a human being, and Art. 1160 P. C. plainly says: 'If any person shall assault another with intent to murder, he shall be confined,' etc. This court must follow the law and interpret the law, but is not empowered to make laws. It is unquestionably true that under the present law a person may be convicted of assault to murder and sent to the penitentiary for a term of years when there is no specific requirement in the charge of the court trying him, that the jury must find as a necessary fact that the assault was upon malice aforethought. The jury must be told in a charge for this offense that the accused can not be convicted unless the jury believe beyond a reasonable doubt that in whatever assault he may

have made there was the intent to kill. This the court below did in the case before us. The legislature originally put malice aforethought into murder, and consequently,—into assault to murder; they have now seen fit to take it out to the extent that it is no longer a necessary element in either offense. The boundary line in such cases as the one before us, between aggravated assault and assault to murder, is,—was there an intent to kill? Whether there is or not is a question of fact."

Shortly after the shooting, appellant was arrested without a warrant of arrest having been issued and taken to the county attorney's office where he made a confession. Appellant objected to the introduction of the confession upon the ground that it was obtained in violation of law, in as much as appellant had not been taken before a magistrate immediately upon his arrest. The opinion is expressed that the objection was properly overruled. It is not necessary to decide whether the officer was in the wrong in failing to take appellant before a magistrate. Appellant was not forced to make the confession. He could have remained silent. His confession was taken in strict compliance with the provisions of article 727, C. C. P. The confession was not to be excluded under article 727a, C. C. P., which provides that no evidence obtained in violation of the statutory law will be admitted against the accused in a criminal case. Carter v. State (Texas Crim. App.), 22 S. W. (2d)·659; Pena v. State, 111 Texas Crim. Rep., 218, 12 S. W. (2d) 1015.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We find in this record a sworn request made by appellant herein asking that he be permitted to withdraw his motion for rehearing and accept the affirmance. The request is granted. The motion for rehearing is withdrawn. The original judgment of affirmance will stand.

*Rehearing withdrawn.*