

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-0020-21

---

**THE STATE OF TEXAS**

**v.**

**LAKESIA KEYON BRENT, Appellee**

---

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIRST COURT OF APPEALS
### HARRIS COUNTY

---

KEEL, J., delivered the opinion of the Court in which KELLER, P.J., and HERVEY, RICHARDSON, NEWELL, WALKER, SLAUGHTER, and MCCLURE, JJ., joined. YEARY, J., filed a concurring opinion.

## O P I N I O N

We granted review to decide whether a trial court has never-ending jurisdiction to grant "judicial clemency" after discharging a defendant from community supervision. We answer that question in the negative.

## I. Background

On March 4, 2016, a jury convicted Appellee of Class B misdemeanor theft, and the trial court assessed her punishment at six months in jail but suspended the sentence and placed her on community supervision for a year. On March 22, 2017, the trial court entered an order terminating community supervision. The order was on a form that gave the trial court a number of options. The court chose, "The period having expired, defendant is **discharged** by operation of law." It did not not choose, among other possibilities, "The Court finds defendant has satisfactorily fulfilled the conditions of supervision. Accordingly, this Court **ORDERS** the verdict **set aside**; the indictment, complaint, or information **dismissed**; and defendant **discharged** from supervision." This latter option is often called "judicial clemency." *See Cuellar v. State*, 70 S.W.3d 818, 819 (Tex. Crim. App. 2002). We adopt that shorthand rendition in this opinion.

On November 1, 2019, more than two years after she was discharged from supervision, Appellee moved the trial court to enter an order granting judicial clemency. The State objected for lack of jurisdiction because the motion was filed more than 30 days after Appellee was discharged from supervision.

The trial court concluded that it had jurisdiction because the statute at issue expresses no time limit, policy considerations support the lack of a time limit, and Appellee was "rehabilitated and ready to re-take her place in law-abilding society." The State appealed the ruling, and the court of appeals affirmed the trial court's order. *State v. Brent*, 615 S.W.3d 667, 670 (Tex. App.—Houston [1st Dist.] 2020).

The court of appeals saw "no textual basis for" requiring discharge and judicial clemency to occur together. *Id.* at 674. Without such a requirement the trial court's

jurisdiction did not expire 30 days after it discharged the defendant from supervision. *Id.* Rather, the court saw discharge from supervision as "a precondition for judicial clemency." *Id.* Discharge marks the beginning of a trial court's authority to grant such clemency, "but it says nothing about when the trial court's power *expires*." *Id.*

The court of appeals relied on *Cuellar* for the proposition that "[t]he purpose of judicial clemency is to grant a special form of relief to defendants who have been 'completely rehabilitated.'" *Id.* at 675 (quoting *Cuellar v. State*, 70 S.W.3d 815, 819 (Tex. Crim. App. 2002)). It reasoned that rehabilitation is a process that may not be completed during community supervision, and a defendant's post-discharge conduct may be the best evidence of rehabilitation. *Brent*, 615 S.W.3d at 675. So a temporal limit on a trial court's jurisdiction "inhibits the court's ability to assess whether the defendant is rehabilitated and thwarts the purpose of the statute." *Id.* The court of appeals concluded that, "based on the statute's text, structure, and purpose, we hold that article 42A.701 gives trial courts the discretionary power to grant judicial clemency at any time after the defendant is discharged from community supervision under the article." *Id.*

## II. Analysis

Under the plain terms of Article 42A.701(f), judicial clemency hangs on a defendant's performance on and discharge from community supervision. Tex. Code Crim. P. art. 42A.701(f). In the absence of any other source of jurisdiction, a trial court's power to grant judicial clemency is limited to its 30-day plenary power. That understanding was embraced by all the courts of appeals to consider the issue between 2011 and 2018, and the Legislature never countermanded it. On the contrary, the

Legislature reinforced the link between discharging a defendant from community supervision and granting judicial clemency. Furthermore, jurisdiction must be conferred; lack of jurisdiction is the default position. Nothing confers never-ending jurisdiction on the trial courts to grant judicial clemency, and the court of appeals in this case misread both Article 42A.701(f) and *Cuellar* to conclude otherwise. A trial court has at most 30 days after discharging a defendant from probation to grant judicial clemency, and a trial court's longer-lasting jurisdiction in other circumstances says nothing about the durability of its jurisdiction to grant judicial clemency.

## II.A.  Statutory Construction

In construing a statute we focus on its text. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). If the meaning of the text "should have been plain to the legislators who voted on it, we ordinarily give effect to that plain meaning." *Id.* (quoting *Smith v. State*, 789 S.W.2d 590, 592 (Tex. Crim. App. 1990)). If the text "is clear and unambiguous, the Legislature must be understood to mean what it has expressed, and it is not for the courts to add or subtract from such a statute." *Boykin*, 818 S.W.2d at 785 (internal quotation marks omitted) (quoting *Coit v. State*, 808 S.W.2d 473, 475 (Tex. Crim. App. 1991)). The only exception is where the plain meaning "would lead to absurd consequences that the Legislature could not *possibly* have intended[.]" *Boykin*, 818 S.W.2d at 785. In that case a court may resort to extratextual considerations. *Id.* at 785-86.

Prolonged inaction by the Legislature in the face of a judicial interpretation of a statute implies approval of that interpretation. *State v. Colyandro*, 233 S.W.3d 870, 877

(Tex. Crim. App. 2007). Its "re-enactment of a law without change in its verbiage is regarded as a legislative adoption of prior judicial interpretations of said law." *King v. State*, 36 S.W.2d 490, 491 (Tex. Crim. App. 1931). We generally give little weight to later legislative enactments when interpreting a prior law. *Volosen v. State*, 227 S.W.3d 77, 80 (Tex. Crim. App. 2007). But "little" is more than zero. *See Ex parte Moss*, 446 S.W.3d 786, 792 (Tex. Crim. App. 2014) (holding that Legislature's codification of a judicially-fashioned rule supported earlier statutory interpretation).

**II.B. Article 42A.701(f)'s Text**

With two exceptions immaterial to this case, Article 42A.701(f) gives the trial court the option to grant "judicial clemency" when discharging a defendant from supervision. It reads as follows:

> (f) If the judge discharges the defendant under this article, the judge may set aside the verdict or permit the defendant to withdraw the defendant's plea. A judge acting under this subsection shall dismiss the accusation, complaint, information, or indictment against the defendant. A defendant who receives a discharge and dismissal under this subsection is released from all penalties and disabilities resulting from the offense of which the defendant has been convicted or to which the defendant has pleaded guilty[.]

Tex. Code Crim. P. art. 42A.701(f). Discharge "under this article," in turn, depends on the defendant's time and performance under supervision. *Id.* art. 42A.701 (a), (b), and (e). A defendant may be discharged from supervision in advance of or upon expiration of the period of supervision.

There are two types of early termination. First, there is early termination at the trial court's discretion: A trial court may terminate supervision early for a defendant who "has satisfactorily completed" at least two years or one-third of his supervision period,

whichever is less. *Id.* art. 42A.701(a). Second, a trial court must consider early termination for a defendant who has completed at least half his supervision period or two years, whichever is greater, and who has completed any ordered treatment or counseling and is up-to-date on required payments. *Id.* art. 42A.701(b). Early termination can be accelerated via "time credits" for certain offenders who fulfill various conditions of supervision or further their education. *Id.* art. 42A.702.

Then there is full termination: "On the satisfactory fulfillment of the conditions of community supervision and the expiration of the period of community supervision, the judge by order shall: (1) amend or modify the original sentence imposed, if necessary, to conform to the community supervision period; and (2) discharge the defendant." *Id.* art. 42A.701(e).

In short, a grant of judicial clemency depends on discharge "under this article," and discharge under Article 42A.701 depends on the defendant's time and performance on supervision. So a grant of clemency depends on the defendant's time and performance on supervision. The statute contemplates no other consideration. Rather, judicial clemency is explicitly tied to discharge from supervision, and discharge depends on how well and how long the defendant served on supervision—period. The court of appeals erred to overlook this textual basis for requiring the two to occur together.

The court of appeals also erred to characterize discharge and clemency as "separate forms of relief, created and governed by separate parts of the statute." *Brent*, 615 S.W.3d at 674. They are not separate because clemency cannot be granted without discharging the defendant from supervision. And the fact that discharge and clemency

reside in different subsections of the statute is an artifact of the non-substantive re-organization of the former community supervision statute. *See* Act of January 1, 2017, 84th Leg., R.S., ch. 770, § 1.01, 2015 Tex. Gen. Laws 2321, 2321–64. The division of the former statute's sections into subsections lends no support to the court of appeals' conclusion that discharge and clemency are "separate" and that clemency may be temporally divorced from a defendant's discharge from supervision.

The majority view reached by every other court of appeals—that clemency must be exercised within 30 days of a defendant's discharge from supervision—seems to enjoy the Legislature's implicit approval.

## II.C.  Legislative Inaction and Action Impliedly Support the Majority View

Several courts of appeals across Texas from 2011 to 2018 held that the trial court has plenary jurisdiction to grant clemency for up to 30 days after the expiration of the supervision. *E.g., Poornan v. State*, No. 05-18-00354-CR, 2018 WL 6566688, at *2 (Tex. App.—Dallas Dec. 13, 2018, no pet.) (mem. op., not designated for publication); *State v. Perez*, 494 S.W.3d 901, 905 (Tex. App.—Corpus Christi 2016, no pet.); *Buie v. State*, No. 06-13-00024-CR, 2013 WL 5310532, at *2 (Tex. App.—Texarkana Sept. 20, 2013, no pet.) (mem. op., not designated for publication); *State v. Shelton*, 396 S.W.3d 614, 619 (Tex. App.—Amarillo 2012, pet. ref'd); *State v. Fielder*, 376 S.W.3d 784, 784–85 (Tex. App.—Waco 2011, no pet.).

In that same span of time the Legislature repealed, re-organized, and amended the community supervision statutes but never countermanded the holdings by various courts of appeals limiting a trial court's jurisdiction to 30 days following the expiration of a

period of community supervision. *E.g.*, Act of September 1, 2017, 85th Leg., R.S., ch. 1017, §1–3, 2017 Tex. Gen. Laws. 4047, 4047–48 (requiring trial courts in felony cases to admonish and in all cases resulting in community supervision to give written notice to defendants about the possibility of judicial clemency and directing the Office of Court Administration to adopt standardized forms for discharging defendants from community supervision); Act of January 1, 2017, 84th Leg., R.S., ch. 770, § 1.01, 2015 Tex. Gen. Laws 2321, 2321–64 (enacting nonsubstantive revision of community supervision laws); Act of September 1, 2011, 82nd Leg., R.S., ch. 961, § 1–2, 2011 Tex. Gen. Laws 2414, 2414–16 (amending notice provision in former statute dealing with early termination). The Legislature's inaction on the jurisdiction issue in the face of the consistent and widespread holdings by several courts of appeals implies its approval of their interpretation of the statute. *See Colyandro*, 233 S.W.3d at 877.

That implied approval is bolstered by legislative actions reinforcing the link between the expiration of community supervision and the exercise of judicial clemency. For example, the form that the Legislature directed the Office of Court Administration to adopt for terminating probation must be used by "a judge discharging a defendant" under Article 42A.701. *See* Act of September 1, 2017, 85th Leg., R.S., ch. 1017,§ 3 2017 Tex. Gen. Laws 4047, 4048 (but applicable only to discharges that occur after Jan. 1, 2018, *id.* § 4(d)); Tex. Code Crim. P. art. 42A.701(f-1) and (f-2). The statute does not require or authorize use of the form in any context other than when "discharging" a defendant from community supervision.

Similarly, the guilty-plea admonishment in felony cases and the written notice to defendants who are getting community supervision both advise the defendant that if he is placed on community supervision and satisfactorily fulfills its conditions, then "on expiration of the period of community supervision, the court" may exercise judicial clemency under Article 42A.701(f). Tex. Code Crim. P. art. 26.13(a)(6); Tex. Code Crim. P. art. 42A.058. Neither advises that judicial clemency may be granted at any time other than "on expiration" of community supervision or on any basis other than satisfactory fulfillment of the conditions of supervison.

## II.D. *Cuellar* Is Inapposite

Contrary to *Brent*'s assertion, *Cuellar* did not say that the purpose of judicial clemency was "to grant a special form of relief to defendants who have been 'completely rehabilitated.'" *Brent*, 615 S.W.3d at 675 (quoting *Cuellar*, 70 S.W.3d at 819). *Cuellar* instead recognized that judicial clemency was conditioned on a trial judge's belief "that a person on community supervision is completely rehabilitated." *Cuellar*, 70 S.W.3d at 819. *Cuellar* thus tied judicial clemency to rehabilitation "on community supervision" and not to remote eventualities. *See id.* *Cuellar* does not support the court of appeals' conclusion that trial courts have never-ending jurisdiction to grant judicial clemency.

Even if the purpose of judicial clemency were complete rehabilitation, that would not supply a trial court with perpetual jurisdiction. "[J]urisdiction is granted by law when it is either directly conferred or ought to be implied from the jurisdiction directly granted." *Ex parte Hughes*, 129 S.W.2d 270, 273 (Tex. 1939). It "is conferred by constitution or by statute." *State v. Patrick*, 86 S.W.3d 592, 596 (Tex. Crim. App. 2002)

(plurality op.). "Plenary power does not create jurisdiction where none exists under the law; instead it is a phrase used to describe 'a court's full and absolute power over the subject matter and the parties in a case,' which only exists as defined by statute or rule." *Ex parte Donaldson*, 86 S.W.3d 231, 234 (Tex. Crim. App. 2002) (Keasler, J., concurring) (footnote omitted) (quoting *plenary power*, BLACK'S LAW DICTIONARY 689 (7th ed. abridged 2000)). Authority to grant judicial clemency to those who have satisfactorily fulfilled conditions of probation does not confer never-ending jurisdiction on trial courts to grant judicial clemency for eventual rehabilitation remote from and unrelated to community supervision.

Appellee's community supervision expired in 2017. The trial court purported to grant her judicial clemency in 2019. At that point the trial court had no jurisdiction to take any action. Consequently, its order granting clemency is void.

## III. Appellee's Counter-Arguments

Appellee points to subsection (g)'s exceptions to Article 42A.701 and argues that those exceptions to the statute are evidence that the Legislature intended no other restrictions on Article 42A.701's applicability. In fact, there are other restrictions. *See* Tex. Code Crim. P. art. 42A.701(f)(1), (2) (excepting from subsection (f) subsequent prosecutions and certain licensure decisions).

But even if Subsection (g) expressed the only exceptions to the statute, that would not confer perpetual jurisdiction on a trial court to grant judicial clemency. Subsection (g) merely excepts certain cases from Article 42A.701. It reads as follows: "This article does not apply to a defendant convicted of: (1) an offense under Sections 49.04-49.08,

Penal Code; (2) an offense the conviction of which requires registration under Chapter 62; or (3) a felony described by Article 42A.054." Tex. Code Crim. P. art. 42A.701(g). Excepting drunk drivers, sex offenders, and serious felons from, for example, early termination of community supervision, does not confer never-ending jurisdiction on trial courts to grant judicial clemency.

Appellee argues that judicial clemency is not a motion for new trial or in arrest of judgment and so not subject to the 30-day limit on plenary power. But an argument could be made that even 30 days is too long. For one thing, judicial clemency grants more relief than does an order granting a new trial or arresting a judgment because clemency not only claws back the verdict and/or guilty plea, it dismisses the charging instrument. Tex. Code Crim. P. art. 42A.701(f). The State has no opportunity to seek conviction again after a grant of judicial clemency, but it does after an order granting new trial or arresting judgment. *Cf.* Tex. R. App. P. 21.9(b) ("Granting a new trial restores the case to its position before the fomer trial, including, at any party's option, arraignment or pretrial proceedings initiated by that party."); *id.* at 22.6 (effect of arrest of judgment is to put the defendant in the position he had before the charging instrument was presented). But the Legislature has never countermanded the longstanding, widespread, and multiple holdings by various courts of appeals adhering to the 30-day rule, and we will not overrule them, either.

Appellee argues that petitions for nondisclosure are a closer analog to judicial clemency than are motions for new trial or in arrest of judgment. She points out that the statute authorizing such petitions specifies only how soon they can be filed, and it places

no limit on how long afterwards they can be filed. *See* Tex. Gov't Code § 411.0725(e)(1) and (2). Along the way she endorses an out-of-date assertion that defendants are not given notice about the possibility of judicial clemency. *Cf.* Tex. Code Crim. P. art. 42A.058 (requiring written notice to defendants about the possibility of judicial clemency when they are placed on community supervision). And she mistakenly asserts that a trial court must declare the defendant "completely rehabilitated and ready to retake her place in society" before granting judicial clemency. *Cf. id.* art. 42A.701(f) (authorizing judicial clemency on discharge from supervision, and authorizing discharge based on lesser criteria than "complete rehabilitation").

But regardless of the merits of the foregoing arguments, nondisclosure is not like judicial clemency. A nondisclosure order does not dismiss a charging instrument, withdraw a guilty plea, or set aside a verdict. It merely hides from the public the earlier proceedings that resulted in a deferred adjudication. *See* Tex. Gov't Code § 411.072 (b) (providing for order that prohibits "criminal justice agencies from disclosing to the public criminal history record information related to the offense giving rise to the deferred adjudication community supervision.").

Appellee points to shock probation and post-conviction DNA testing as examples of trial courts' plenary power extending beyond 30 days. But jurisdiction over shock probation is explicitly granted by statute. *See* Tex. Code Crim. P. art. 42A.202 (granting 180 days continuing jurisdiction in felony cases to grant shock probation). And DNA motions do not depend on plenary power, either, but on the statutes that authorize them.

*E.g., id.* art. 64.01 (specifying conditions for filing motion for DNA testing); *id.* art. 64.03 (specifying findings required for ordering testing).

Appellee points to Article 42A.651(b) as evidence of a trial court's continuing power to act after a period of community supervision has terminated. It reads in full as follows:

> A defendant's obligation to pay a fine or court cost as ordered by a judge is independent of any requirement to pay the fine or court cost as a condition of the defendant's community supervision. A defendant remains obligated to pay any unpaid fine or court cost after the expiration of the defendant's period of community supervision.

Tex. Code Crim. P. art. 42A.651(b). This statutes speaks to the defendant's post-supervision obligations, not to the trial court's power to enforce them. A trial court has no jurisdiction to revoke community supervision after the period of supervision has expired unless a motion to revoke was filed and a capias issued before the expiration. *Moss*, 446 S.W.3d at 792; *Ex parte Donaldson*, 86 S.W.3d at 234; Tex. Code Crim. P. art. 42A.751. Even assuming for the sake of argument that a trial court could somehow enforce a defendant's post-supervision obligations without a credible threat of revoking supervision, that would not confer perpetual jurisdiction to grant judicial clemency under Article 42A.701(f). The one has nothing to do with the other.

## IV. Conclusion

The court of appeals erred to hold that a trial court has never-ending jurisdiction to grant judicial clemency under Article 42A.701(f). We reverse its judgment and remand the cause to the trial court to rescind its order setting aside Appellee's conviction and to dismiss Appellee's motion for judicial clemency.

Delivered: October 20, 2021

Publish