MORRIS GÁRZA v. THE STATE.

No. 5878.   Decided June 23, 1920.

Carrying Pistol—Allegation—Proof—Variance—Idem Sonans.

Where, upon trial of unlawfully carrying a pistol, the complaint and information charged defendant with carrying a "pistle," and testimony showed that he carried a "pistol," objection that there was a variance between the allegation and the proof was correctly overruled, as the words were *idem sonans*.

Appeal from the County Court of Brazoria.   Tried below before the Honorable C. D. Jessup.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of one hundred dollars.

The opinion states the case.

*George C. Currier* and *A. E. Masterson*, for appellant.—Cited Underwood v. State, 29 S. W. Rep., 777.

*Alvin M. Owsley*, Assistant Attorney General, for the State.—Cited Pye v. State, 154 S. W. Rep., 222.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court of Brazoria County, of unlawfully carrying a pistol, and his punishment fixed at a fine of $100.

The complaint and information charge appellant with carrying a "pistle." The testimony shows that he carried a "pistol." Objection was made to this testimony on the ground of variance between the allegation and proof. It is urged that "pistle" is a word meaning a communication, and that the well known rules of *idem sonans* and bad spelling do not apply. Appellant's authority for asserting that "pistle" is the name of a communication, is the Century Dictionary. Reference thereto discloses that said work prints said word as obsolete, and quotes Mr. Chaucer, who wrote in old English some seven hundred years since, as using it. We do not think that the fact that an early English poet, in the exercise of his license, should have used this word in that sense, would necessarily give it any standing at this time, or would likely mislead a Brazoria County Mexican, defended by a pair of able lawyers, into the mistake, in preparing for trial upon a charge of unlawfully carrying a "pistle," of seriously thinking himself charged with unlawfully carrying a communication. The word "pistle" does not seem to be given in any of our other dictionaries, to which this Court has access, and we are inclined to hold the word, as used in the information and complaint therein, *idem sonans* with "pistol," and that the rule of bad spelling will apply; and, further, that it is evident that the word "pistol"

was intended. The evidence that appellant had a pistol on his person in a public place, was uncontroverted..

The judgment will be affirmed.

*Affirmed.*