## LIGE DUNCAN V. STATE.

No. 9519. Delivered November 18, 1925.

Rehearing denied January 27, 1926.

1.—Carrying a Pistol—Affidavit to Complaint—Before Justice of Peace— Sufficient.

Where a complaint filed in the County Court has been sworn to before a justice of the peace, it is held sufficient. Art. 415 C. C. P.

of 1925 provides that complaint may be sworn to by any officer authorized to administer the oath. See Lindley v. State 123 S. W. 141; Gentry v. State, 137 S. W. 696.

**2.—Same—Complaint—Misspelled Word—Variance Immaterial.**

Where the word "pistol" was spelled "pistole" in the complaint, but was spelled correctly in the information, the misspelling of the word in the complaint in no way affected the sense of the instrument, and there was no variance between the complaint and the information. The meaning could not be mistaken. See Sec. 490, Branch's Ann. Tex. P. C.; also Garza v. State, 87 Tex. Crim. Rep. 537.

ON REHEARING.

**3.—Same—Examining Court—Transcript of Proceedings.**

The validity of a trial for carrying a pistol held in the County Court, is in no way affected by the failure of the Justice Court, in which the prosecution originated, and in which an examining trial was held. to make out a transcript of the proceedings had in his court and forward to the clerk of the County Court. The statute providing for such transcripts is intended to preserve those records for the use of the grand jury and prosecuting officers. Distinguishing Foat v. State, 28 Tex. Crim. App. 627; Kimbrough v. State, 28 Crim App. 367.

Appeal from the County Court of Leon County. Tried below before the Hon. W. D. Lacy, Judge.

Appeal from a conviction for carrying a pistol, penalty a fine of $100.00.

The opinion states the case.

*Lige Duncan* and *J. T. Ryan,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for unlawfully carrying a pistol. The punishment is by fine of $100.00.

The jurisdiction of the County Court was questioned because the complaint was sworn to before a justice of the peace, and because there was no transcript or certificate of any proceeding had in the justice court. The record suggests nothing more than that the complaint was sworn to before the justice of the peace and information was filed thereon by the County Attorney. Article 479 Vernon's C. C. P. (Art. 415, 1925 Codification) provides that complaint may be sworn to by any officer authorized to administer the oath. Lindley v. State, 123 S. W. 141; Gentry v. State, 137 S. W. 696.

The word "pistol" was correctly spelled in the informa-
tion. In the complaint it was spelled "pistole". The point
is made that this constitutes a variance between the com-
plaint and information. The misspelling of the word in the
complaint in no way affected the sense of the instrument.
The meaning could not be mistaken. See Sec. 409 Branch's
Ann. Tex. P. C. for authorities.) Also Garza v. State, 87
Tex. Crim. R. 537, 222 S. W. 1105.

No statement of facts is brought forward in the record.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—We are unable to conclude
that a reversal of the judgment of conviction in this case
can be justly founded upon the failure of the magistrate in
the examining court to certify, seal and deliver to the clerk
of the court the proceedings in the examining court. The
purpose of this statute is that these records may be preserved
for use by the grand jury and the prosecuting officers. The
case of Foat v. State, 28 Tex. Crim. App. 527, cited by
appellant, was one in which the appeal was from a judg-
ment forfeiting the appearance bond. The holding was that
the forfeiture was not valid unless bond was required by
an entry made upon the docket in accord with the statute.
The issue on appeal was whether an order requiring bond
had been made. The record failed to show such an order.
The distinction between that and the present contention
seems obvious. In Foat's case, supra, the validity of the
bond upon which the judgment rested depended upon the
entry of an order of the magistrate. In the present case,
the proceedings of the examining court, so far as we are
able to perceive, bear no relation to the matter in hand.
All that we find is that a complaint charging appellant with
an offense was made by Kyle and sworn to before Adkin-
son, a Justice of the Peace, and that upon this affidavit,
filed in the County Court, an information was made by
the County Attorney and a trial in the County Court had on
the merits. In the case of Kimbrough v. State, 28 Tex.
Crim. App. 367, to which appellant also refers, the question
before the court was whether the grand jury used diligence
to ascertain the name of the person from whom the prop-
ty was taken. The proceedings of the Magistrate Court,

if filed in accord with the statute, Art. 347,' C. C. P., would have revealed the name. At least, such was the contention of Kimbrough. The court held that in the absence of evidence to the contrary, the presumption would prevail that the proceedings were certified as required by Art. 373, supra, and were available to the grand jury. The papers which were presumed to have been in the possession of the grand jury when the indictment was found, not being produced by the prosecuting officer or made available to the appellant, the court held competent parol evidence to show that on the docket of the magistrate the name of the injured party did appear. We fail to perceive the analogy to the present case, in which the attempt is to make the mere absence of the records of the magistrate cause for reversal without claiming that the failure to certify them (if in fact there was such failure) had any bearing on the merits.

The motion for rehearing is overruled.

*Overruled.*