

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

November 14, 1963

Hon. Hulon B. Brown
District Attorney
2nd and 145 Judicial
   Districts of Texas
Jacksonville, Texas

Dear Sir:

Opinion No. C-177

Re:  Construction of Articles
     296, 297 and 299, of the
     Texas Code of Criminal
     Procedure, Relative to
     the handling of felony
     complaints by a Justice
     of the Peace.

Your recent request for an opinion of this Department
upon the questions as are herein stated has been received.  We
quote from your letter as follows:

"A few weeks ago I talked with someone
there in your office relative to a situation
which has caused us considerable inconven-
ience and loss of efficiency in the process-
ing of felony complaints filed in Angelina
County.  This has to do with the action by
the Justice of the Peace of Precinct No. 1
of Angelina County, Texas, wherein each time
a felony complaint is filed in his court, he
immediately seals up the complaint in a red
jacket and turns the complaints (along with
any other papers filed in connection with the
case), over to the district clerk.  He has
instructed the district clerk that these are
not to be opened or turned over to anyone
except the grand jury.

"I am enclosing an article from the
Lufkin newspaper wherein this Justice of the
Peace tried to explain his position.  As you
will note, he relies primarily on Article 296,
297 and 299 of the Code of Criminal Procedure
. . . . I do not believe your office has ever
written an opinion on this question, but I
would appreciate your doing so in order that
we might alleviate this . . . handling of
these matters."

-867-

Article 296 of Vernon's Code of Criminal Procedure provides:

> "The magistrate, before whom an examination has taken place upon a criminal accusation, shall certify to all the proceedings had before him, as well where he discharges, holds to bail or commits, and transmit them, sealed up, to the court before which the defendant may be tried, writing his name across the seals of the envelope. The voluntary statement of the defendant, the testimony, bail bonds, and every other proceeding in the case, shall be thus delivered to the clerk of the proper court, without delay."

Article 297 of Vernon's Code of Criminal Procedure provides:

> "If the proceedings be delivered to a district clerk, he shall keep them safely and deliver the same to the next grand jury. If the proceedings are delivered to a county clerk, he shall without delay deliver them to the district or county attorney of his county." (Emphasis added)

Article 299 of Vernon's Code of Criminal Procedure provides:

> "The accused may waive an examining trial in any bailable case and consent for the magistrate to require bail of him; but the prosecutor or magistrate may examine the witnesses for the state as in other cases. The magistrate shall send to the proper clerk with the other proceedings in the case a list of the witnesses for the State, their residence and whether examined."

The court in Duncan v. State, 102 Tex.Crim. 612, 279 S.W. 457 (1926) when construing Article 347 of the 1911 Code of Criminal Procedure (which is virtually the same article as Article 296) stated:

> "We are unable to conclude that a reversal of the judgment of the conviction in this case can be justly found on the failure of the magistrate in the examining court to certify, seal, and deliver to the clerk of the court

the proceedings in the examining court.   <u>The</u>
<u>purpose of this statue is that these records</u>
<u>may be preserved for use by the grand jury and</u>
<u>for the prosecuting officers.</u>"   (Emphasis added)

Article V, Section 21, of the Texas Constitution author-
izes the county attorney, and in some instances, the district
attorney, and makes it their duty, to represent the State of
Texas in all cases in the district or inferior courts of their
respective counties.   It should further be noted that in dis-
cussing Article V, Section 21, of the Texas Constitution in
<u>Shepperd v. Alaniz</u>, 303 S.W.2d 846, (Tex.Civ.App. 1957), it
was stated:

"It has always been the principal duty of
the district and county attorneys to investigate
and prosecute the violation of all criminal laws
. . . and these duties cannot be taken away from
them by the legislature and given to others."

The objects of the Code of Criminal Procedure can be
found in Article 1 of the Code which provides:

"This code is intended to embrace rules
applicable to the prevention and prosecution of
offenses against the laws of this State, and to
make  the rules of proceeding in respect to the
prevention and punishment of offenses intelli-
gible to the officers who are to act under them,
and to all persons whose rights are to be affected
by them.   It seeks:  1.  To adopt measures for
preventing the commission of crime.  2.  To exclude
the offender from all hope of escape.  3.  <u>To</u>
<u>insure a trial with as little delay as is con-</u>
<u>sistent with the ends of justice.</u>  4.  <u>To bring</u>
<u>to the investigation of each offense on the</u>
<u>trial all the evidence tending to produce con-</u>
<u>viction or acquittal.</u>  5.  To insure a fair and
impartial trial and  6.  The certain execu-
tion of the sentence of the law when declared."
(Emphasis added)

Further evidence of the intent of the legislature in pass-
ing this code can be seen in the first sentence of Article 3,
of Vernon's Code of Criminal Procedure which reads in part as
follows:

"In all criminal prosecutions the accused
shall have a <u>speedy</u> public trial by an impartial
jury. . . ."   (Emphasis added)

Hon. Hulon B. Brown, page 4  (C-177)

Article 23 of Vernon's Code of Criminal Procedure further advises the user of the Code how to construe it.  Article 23 provides:

"The provisions of this Code shall be liberally construed, so as to attain the objects intended by the legislature: prevention, suppression and punishment of crime."

Thus it can be seen that in light of the articulation of the legislature in Article 23, Article 3, Article 1 and the other Articles of the Code of Criminal Procedure noted above, that the intent was to not deter the district attorney's investigation of felony cases.  We are of the opinion that the magistrate should abide by the provisions of Article 296 and transmit, sealed up, all the proceedings held before him in an examining trial.  However, we do feel that in light of the Legislature's language regarding speedy trials, liberal construction, and the gathering of all evidence in an investigation, that the duty of the clerk is discharged if he keeps the records safely.  Construing the Articles together with the holding in the Duncan case we feel the district attorney should have access to these records so that he may develop the prosecution of his cases prior to the time they are delivered to the grand jury.

### S U M M A R Y

It is the duty of the district clerk to keep "safely" the proceedings received from the magistrate who holds examining trials; however, the district attorney should have access to these proceedings so he may fully develop his case prior to the time they are delivered to the grand jury.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By
James P. Briscoe
Assistant Attorney General

JPB:cjp

APPROVED:
OPINION COMMITTEE
V. W. Geppert, Chairman
Cecil Rotsch
Ben Harrison
Scott Garrison
Sam Lane

APPROVED FOR THE ATTORNEY GENERAL
By:  Stanton Stone